Albert H. **CARTER**, Plaintiff,

v.

**UNITED STATES** of America, and John C. Stetson, Secretary of the Air Force, Defendants.

No. 79–440C(1).

United States District Court, E. D. Missouri, E. D.

June 22, 1979.

Albert H. Carter, pro se.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on defendants' motion to dismiss. For the reasons stated below, defendants' motion will be granted.

Plaintiff Carter brings this action *in forma pauperis* under the Privacy Act of 1974, 5 U.S.C. § 552a(g), and seeks *de novo* review of a final judgment entered by the District Court for the District of Columbia on his behalf to correct military personnel records maintained by defendants and to recover monetary damages. *Carter v. Reed,* No. 76–1012 (D.D.C. June 21, 1977).

Defendants move to dismiss Carter's complaint for failure to comply with an order entered by the U. S. District Court for the Southern District of Texas. *Carter v. Telectron, Inc.,* 452 F.Supp. 944 (S.D.Tex. 1977). After reviewing 178 frivolous lawsuits filed in federal and state courts by Carter, the Court enjoined Carter from filing any suit in a federal or state court except on the conditions set forth in the order. *Id.,* at 1003.

To preserve the integrity of judicial proceedings, a district court has the power to dismiss an action with prejudice if the plaintiff fails to comply with "any order of court." Rule 41(b), Fed.R.Civ.P. A clear record of bad faith and abuse of the judicial system is sufficient to justify the harsh consequences of forever denying a litigant his day in court. *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191, 1193 (8th Cir. 1976).

The Court finds that Carter has failed to comply with the conditions set forth in the *Telectron* order. 452 F.Supp. at 1003. In disregard to the order, plaintiff has failed to submit documentary evidence to this Court showing that he personally sent a copy of the complaint and all pleadings to the defendants or defense counsel. Plaintiff also has failed to file with this Court "a list by style, docket number, court, date filed, and disposition of (1) all cases previously filed on the same, similar or related cause of action and (2) all actions previously filed against one or more of the defendants, including predecessors or successors in interest or office," and has failed to include in his complaint a statement which refers to and cites the *Telectron* order.

Plaintiff's failure to satisfy the requirements set forth in the *Telectron* order establishes a clear record of contumacious conduct warranting dismissal of this action to avoid vexatious and duplicative litigation. Rule 41(b), Fed.R.Civ.P.; *M. S. v. Wermers,* 557 F.2d 170, 175 (8th Cir. 1977). Therefore, defendants' motion to dismiss plaintiff's complaint for failure to comply with the court order will be granted.