The **UNITED STATES FOR THE USE AND BENEFIT OF OHM REMEDIATION SERVICES CORP., Plaintiff,**

v.

**MANAGEMENT AND BUSINESS ASSOCIATES INC. and International Fidelity Insurance Co., Defendants.**

Civil No. 96–1853 (JP).

United States District Court,
D. Puerto Rico.

June 30, 1997.

---

**4.** The philosophy of Rule 19 is to avoid dismissal whenever possible. *Heath v. Aspen Skiing Corp.,* 325 F.Supp. 223 (D.C.Colo.1971).

344

Wilma G. Méndez Pagán, Andrés R. Nevares–González, Nevares & Sánchez Alvarez, San Juan, PR, for Plaintiff.

Rafael E. García Rodón, Luis M. Suárez Lozada, García Rodón, Correa Márquez & Valderas, Hato Rey, PR, for Defendants.

## ORDER

PIERAS, Senior Distrit Judge.

The Court has before it Defendants', Management and Business Associates, Inc., and International Fidelity Insurance Company, Motion to Set Aside Default Judgment Entered June 2, 1997 and Motion to Vacate Dismissal with Prejudice of Defendant's MBA's Counterclaim **(docket No. 43)**.

At the Initial Scheduling Conference, held on February 19, 1997, the Court ordered both parties to provide specific information to each other and to the Court. Directly below the list of Preliminary Orders, set forth in the Court's Initial Scheduling Conference Order, the Court informed the parties that "[f]ailure to comply with these orders may result in sanctions including the dismissal of the plaintiff's claim or the defendant's counter-claim." Notwithstanding the Court's preliminary order and attendant warning, neither party submitted to the Court the information the Court had ordered.

On April 1, 1997, the Court accepted the plaintiff's amended complaint, ordering the defendants to "answer as provided for in the Federal Rules of Civil Procedure"—i.e. 10 days from the date of the Order. On April 25, the Court issued an Order to Show Cause, directed at all parties for their respective failures to comply with the Court's Preliminary Orders and directed at the codefendants for their failure to answer the amended complaint in a timely fashion. The order directed the parties to show cause why they should not be sanctioned for their flouting of the Court's orders and entered default against the defendants.

The defendants moved the Court to lift the defaults, offering several marginal excuses for failing to answer the amended complaint. *See* Order of May 13, 1997. Although the motion attempted to excuse the defendants' failure to answer the amended complaint, it offered "absolutely no reason for their failure to comply with the Court's Preliminary Orders." *Id.* Despite the lack of merit in the defendant's excuses for failing to answer, the Court lifted the defaults, but with the warning that they were not relieved of their duty to show cause for their failure to comply with

the Preliminary Orders set forth in the Initial Scheduling Conference. *Id.*

The plaintiff complied with the Court's Order to Show Cause, but despite repeated prodding by the Court, the defendants never did. In light of the defendants' failure, the Court dismissed the defendant's counterclaim, barred all of their defenses, and entered default judgment against the defendants on June 4, 1997.

The defendants now move the Court to vacate the judgment entered against them and reinstate codefendant Management Business Associates' counterclaim, first alleging that their repeated failure to comply 'with Court orders "resulted from mistake, inadvertence, and/or excusable neglect." Next, the defendants assert that the plaintiff was not prejudiced because the defendants complied with the Preliminary Orders to the extent they were required to supply information to the plaintiffs. Finally, the defendants argue that they refused to comply with the Court's Preliminary Orders for fear that the Court, as fact finder, would have access to evidence in a non-trial setting. The Court finds each and every basis presented by the defendants flawed and unavailing.

 The sanction of entering default is severe, but, where appropriate, the Court clearly has the power to utilize default judgment as a sanction. *Farm Const. Services, Inc. v. Fudge*, 831 F.2d 18, 21 (1st Cir.1987); *cf. José Antonio Pinero Capó v. United States*, 7 F.3d 283 (1st Cir.1993) (upholding the dismissal of plaintiff's complaint for failure to comply with Court orders); *see also Cine Forty–Second St. Theatre v. Allied Artists*, 602 F.2d 1062, 1067 (2nd Cir.1979) (gross negligence in failing to comply with court orders serves as a legitimate basis for entry of default). As noted by the plaintiff in its opposition, Rule 314(4) of the Local Rules for the District Court for the District of Puerto Rico provides:

> If the party or party's attorney fails to obey a scheduling or pretrial order ... the Judge, upon motion or of his or her own initiative, may issue such orders with regard thereto as are just, and among others, any of the orders provided in Rule

37(b)(2)(B), (C), or (D) of the Federal Rules of Civil Procedure.

Rule 37(b)(2)(B) of the Federal Rules of civil Procedure provides that, as a sanction for failing to obey an order, the court may issue "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence"—i.e. an order striking defenses. Rule 37(b)(2)(C) provides that a court may sanction a party for failing to obey a discovery order by "striking out pleadings or parts thereof ... or dismissing the action or proceeding or any party thereof, or rendering a judgment by default against the disobedient party." In the case at bar, thé defendants flagrantly disobeyed court orders despite strong warnings from the Court that the consequences could be severe. That is an appropriate basis for the sanction imposed by the Court, and the defendant's excuses do not dissuade the Court from treating them harshly.

Rule 60(b) of the Federal Rules of Civil Procedure governs the setting aside of final judgment; the rule states, in pertinent part: "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

 The defendants first generally assert that their failure was attributable to mistake, inadvertence and/or excusable neglect. This is simply not true. Given the warnings sent by the Court, there could be no mistake that the defendants were required to show cause and comply with the Court's Preliminary Orders. The orders were spelled out and simple to understand. Moreover, the orders were arrived at during the Initial Scheduling Conference with the agreement and input of the parties. The defendants have not alleged inadvertence (and their failure could not honestly be described that way). Moreover, neglect of the type exhibited by the defendants is never excusable. Finally, the defendants other argument, that it refused to deliver documents and explanations to the Court for fear of

affecting the Court's ability to fairly hear the case at trial, belies any argument of mistake, inadvertence, or neglect.

 Next, the defendants argue that their failure to comply with Court orders did not prejudice the plaintiff. The Court finds that assertion doubtful, but in any case it is irrelevant. The Court does not seek to order the parties to do anything that is unnecessary. The Court has a reason for entering all of its orders. If a party questions the need for one of the Court's orders, it may certainly address its concern to the Court. The defendants never did, but simply took matters into their own hands. They apparently decided, without the Court's approval, that the Court's orders were superfluous and that they had no need to comply. Regardless of the harm to the other party that results from such a decision, the Court cannot allow parties to take upon themselves the evaluation of this Court's orders, and, based upon their independent evaluation, to decide whether such orders are necessary or not. The fact that the plaintiff was not prejudiced by the defendants failure does not adequately address the issue—the undermining of the Court's authority, in and of itself, is sufficient harm to justify the imposition of sanctions.

Finally, the defendants explain that their failure to submit the ordered information was out of "genuine concern that the Court's position as the trier of fact not be compromised." Even if we believed that the defendants' failure to comply was truly based on that concern, it would not suffice. Again, as with a party's concern about the necessity of the Court's orders, a concern for the propriety of the Court's orders can be addressed, but only to the Court. The defendants overstep their bounds when they unilaterally determine what is best for the Court without even addressing a motion on the issue. Contrary to the belief obviously held by the defendants, it is not for the parties to decide that the Court's orders are or are not worth following. Incidentally, with respect to the defendant's concern, this Court is fully capable of holding a bench trial and accepting as the basis for its decision only the evidence that comes before it during trial, regardless of what additional information it might have obtained prior to trial.

In conclusion, the Court finds that the defendants have provided no valid grounds for vacating the default judgment, entered as a just sanction for consistent refusal to comply with the Court's orders. The Court hereby **DENIES** the defendants' motion.

IT IS SO ORDERED.