**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1461
_____

First Horizon Corporation,           *
                                     *
          Appellee,                  *
                                     *
     v.                              *    Appeal from the United States
                                     *    District Court for the
Tim Singleton,                       *    Eastern District of Missouri.
                                     *
          Appellant,                 *
                                     *
D a t a  Instruments, Inc., doing business          *
     [UNPUBLISHED]
as Re/Max United Realty,             *
                                     *
          Defendant.                 *
                         _____

                         Submitted: October 8, 1997
                              Filed: October 14, 1997
                         _____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
                         _____

PER CURIAM.

     The district court[1] entered a default judgment against Timothy J.
Singleton and Data Instruments, Inc., d/b/a Re/Max United Realty (Re/Max),
in First Horizon

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern
District of Missouri.

Corporation's service mark infringement suit. The court subsequently denied Singleton's Federal Rule of Civil Procedure 60(b) motion, and Singleton filed this appeal.

Because Singleton filed his Rule 60(b) motion more than three months after judgment was entered, only the Rule 60(b) motion is subject to our review. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in denying Singleton's motion for reconsideration, as Singleton failed to demonstrate circumstances warranting Rule 60(b) relief. See Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 118 (8th Cir. 1997) (standard of review); see also Fed. R. Civ. P. 60(b) (factors warranting relief). Singleton—who was well aware of his legal dispute with First Horizon Corporation —acknowledged that the complaint was left at his residence with an adult male, and that Singleton willfully attempted to evade service by having his son return the envelope containing the summons and complaint.

Because Re/Max is unrepresented by counsel, it would not be a proper party to this appeal, even if it had joined Singleton's Rule 60(b) motion. See United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam) (corporation may not appear pro se).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.