129 F.3d 121
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
FIRST HORIZON CORPORATION, Appellee,
v.
Tim SINGLETON, Appellant,
DATA INSTRUMENTS, INC., doing business as Re/Max United
Realty, Defendant.
 No. 97-1461.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 8, 1997.
Filed Oct. 14, 1997.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court[1] entered a default judgment against Timothy J. Singleton and Data Instruments, Inc., d/b/a Re/Max United Realty (Re/Max), in First Horizon Corporation's service mark infringement suit. The court subsequently denied Singleton's Federal Rule of Civil Procedure 60(b) motion, and Singleton filed this appeal.
 
 
 2
 Because Singleton filed his Rule 60(b) motion more than three months after judgment was entered, only the Rule 60(b) motion is subject to our review. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir.1988). Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in denying Singleton's motion for reconsideration, as Singleton failed to demonstrate circumstances warranting Rule 60(b) relief. See Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 118 (8th Cir.1997) (standard of review); see also Fed.R.Civ.P. 60(b) (factors warranting relief). Singleton--who was well aware of his legal dispute with First Horizon Corporation--acknowledged that the complaint was left at his residence with an adult male, and that Singleton willfully attempted to evade service by having his son return the envelope containing the summons and complaint.
 
 
 3
 Because Re/Max is unrepresented by counsel, it would not be a proper party to this appeal, even if it had joined Singleton's Rule 60(b) motion. See United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir.1993) (per curiam) (corporation may not appear pro se).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri