**Raymond MOORE, Appellant,**

v.

**ST. LOUIS MUSIC SUPPLY COMPANY, INC., Appellee.**

**No. 76–1073.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1976.

Decided Aug. 12, 1976.

Rehearing and Rehearing En Banc Denied Sept. 3, 1976.

---

Elbert Dorsey, St. Louis, Mo., for appellant.

Frank Hamsher, St. Louis, Mo., for appellee.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

WEBSTER, Circuit Judge.

Appellant Raymond Moore brought an action in the District Court under Title VII of the Civil Rights Act of 1964. In due course, his case was set for trial along with other cases on Monday, July 21, 1975. On that day, his attorney appeared and announced ready for trial. His case was not reached on the docket, however, until Wednesday, July 23. When neither Moore nor his attorney appeared on July 23, despite repeated efforts by the District Court to contact the attorney and numerous messages left at his office, the District Court

---

* The Honorable Talbot Smith, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

dismissed the case with prejudice.[1] This appeal followed.

The District Court has power to dismiss a case for failure to comply with its rules and for failure to prosecute. Fed.R. Civ.P. 41(b). In reviewing such an order, we consider whether in the exercise of that power the District Court has exceeded the permissible range of its discretion. *Link v. Wabash R. R.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). This necessarily requires us to consider whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court. *Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir. 1974). *See generally* 9 C. Wright & A. Miller, Federal Practice and Procedure §§ 2369–70 (1971).

This process of balancing focuses in the main upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court. *See Bush v. United States Postal Service,* 496 F.2d 42, 44–45 (4th Cir. 1974); *Reizakis v. Loy, supra,* 490 F.2d at 1135; *Durham v. Florida East Coast Ry.,* 385 F.2d 366, 367–69 (5th Cir. 1967). *See also* Annot., 20 A.L.R.Fed. 488 (1974). Where the offending conduct results from conflicting court commitments of the attorney rather than the indifference or dilatory tactics of the litigant himself, there are other tools at the trial judge's disposal which do not impact so decisively upon the innocent litigant.[2] *See Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885, 887–89 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). "[D]ismissal with prejudice for failure to prosecute is ' * * * a drastic sanction which should be sparingly exercised * *.'" *Navarro v. Chief of Police,* 523 F.2d 214, 217 (8th Cir. 1975), *quoting Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 96 (8th Cir. 1971).

The record in this case does not suggest any unnecessary delay or impropriety attributable to Moore prior to the first trial setting on July 21. On that day, Moore's attorney advised the District Court that he had other trial commitments later in the week. He announced ready, however, when the District Court properly refused to accept a "subject to" announcement. When the District Court then started the first of its criminal cases, Moore's attorney turned to his other professional assignments. These took him to Illinois and ultimately to Jefferson City, Missouri, where he was preparing a criminal case for trial the next day when Moore's case finally was reached in Saint Louis on July 23.[3]

While an attorney is an officer of the court and has undertaken a solemn obligation to respect and uphold its processes, it is also true that he is more often than not the officer of many courts whose processes are not coordinated and frequently compete for the attorney's attention and presence. Some courts appear to demand a greater priority than others; such demands are often said to exacerbate state-federal relations. Attorneys who hide behind the demands of one court in order to evade their obligations to another court only prompt a continuing escalation of pressure by judges intent upon making headway against a spi-

---

1. A motion to reconsider, filed eight days after the order of dismissal, was also denied.

2. Alternatives to dismissal with prejudice include requiring payment of court costs and jury expenses, dismissal without prejudice, and civil contempt proceedings. In some cases, the attorney himself should be made to shoulder the cost. *See, e. g., Bardin v. Mondon,* 298 F.2d 235, 238 (2d Cir. 1961).

3. Moore's attorney concedes that he became aware early in the morning of July 23 that Moore's case would be reached that day. He was in Saint Louis at the time. He stated in oral argument that he attempted to reach the District Judge by telephone at his chambers at 8:15 a. m. and that when there was no response, he proceeded to Jefferson City after having left word at his office to notify the court.

raling docket. It is not an easy problem to resolve. *Compare Leong v. Railroad Transfer Service, Inc.,* 302 F.2d 555, 557–58 (7th Cir. 1962) (Schnackenberg, J., concurring).

 In this case, the attorney for Moore was overextended. Though he had numerous opportunities to present his conflict problem to the District Court, he did not do so. By failing to keep himself informed about the progress of the docket and in not reporting to the District Court, the attorney inexcusably caused available court time to go unused when such court time was badly needed to meet the court's caseload. For this he may properly be subject to discipline, but it does not follow in this case that his client should be the one to feel the lash. *See Moreno v. Collins,* 362 F.2d 176, 178 (7th Cir. 1966). A more appropriate action would generally be dismissal without prejudice. *Bardin v. Mondon,* 298 F.2d 235, 238 (2d Cir. 1961). *See Durham v. Florida East Coast Ry., supra,* 385 F.2d at 369.

We do not direct dismissal without prejudice, however, because it would appear that the short thirty day statute of limitations applicable to filing Title VII cases has expired. *See Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir. 1972). Dismissal without prejudice operates to leave the parties as if no action had been brought at all. Following such dismissal the statute of limitations is deemed not to have been suspended during the period in which the suit was pending. *Bomer v. Ribicoff,* 304 F.2d 427, 428–29 (6th Cir. 1962). *See Hall v. Kroger Baking Co.,* 520 F.2d 1204, 1205 (6th Cir. 1975); *Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027, 1029–30 (9th Cir. 1975). Accordingly, we simply vacate the judgment of dismissal and remand for further proceedings. We leave to the sound discretion of the District Court the assessment of court costs for the period prior to dismissal, as well as the consideration of any disciplinary action it may deem appropriate. In view of the circumstances, each party shall bear its own costs on appeal.

Reversed and remanded.