Jose Antonio PIÑERO CAPO, etc., et al., Plaintiffs, Appellants,

v.

UNITED STATES of America, Appellee.

No. 93–1432.

United States Court of Appeals, First Circuit.

Heard Oct. 5, 1993.

Decided Oct. 20, 1993.

**284**

Rafael A. Oliveras Lopez, Hato Rey, PR, for appellants.

Maria Hortensia Rios Gandara, Asst. U.S. Atty., with whom Charles E. Fitzwilliam, U.S. Atty., Hato Rey, PR, was on brief, for appellee.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and BOUDIN, Circuit Judge.

CYR, Circuit Judge.

Appellants brought this medical malpractice action in the United States District Court for the District of Puerto Rico on April 15, 1991. Thereafter, appellants repeatedly violated various discovery-related orders duly entered by the district court. On November 10, 1992, following numerous requests and three unsuccessful motions to compel discovery, the appellee moved for sanctions against appellants, including the dismissal of all their claims, with prejudice. *See* Fed.R.Civ.P. 41(b). On March 15, 1993, almost two years after its commencement,

the district court dismissed the action, with prejudice, due to appellants' "consistent failure to diligently prosecute their claims despite the specific deadlines set by the Court to respond to interrogatories and furnish discovery related to expert witnesses." Appellants did not move for reconsideration, but chose to seek appellate relief. We affirm.

We review Rule 41(b) dismissals for abuse of discretion. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1117 (1st Cir.1989). After careful consideration of all relevant circumstances, under the "open-ended balancing test" appropriate in these matters, *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 648 (1st Cir.1990), we conclude that the district court did not abuse its discretion. We do so in light of appellants' repeated failures to comply with reasonable discovery requests and with discovery orders, notwithstanding the district court's clear warnings that dismissal could result; the unsuccessful efforts by the district court to assure compliance by imposing, in the first instance, the lesser sanction of a $300 fine against appellants' counsel; the months of delay, and the many motions and conferences before the district court, occasioned by their dilatory conduct; their counsel's failure either to take appropriate action in a timely manner *or* to present to the district court many of the belated justifications urged on appeal. In addition, the justifications belatedly proffered on appeal, credited at face value, provide no explanation for the final two-month delay (January to March 15, 1993) during which counsel concededly was able to function as counsel yet failed to comply with the district court's longstanding discovery orders. Finally, even now counsel offers no explanation for failing to request reconsideration of the district court dismissal order entered March 15, 1993.

The crux of appellants' argument on appeal is that their counsel's medical problems prevented him from functioning as a lawyer. Unfortunately for appellants, this claim presents too little, too late, to the wrong court. The dilatory behavior extended at least from February through November, 1992, notwithstanding that the district court warned of

possible dismissal in March and May, 1992, after having ordered a $300 fine as a sanction against appellants' counsel.[1] Nevertheless, not until December 3, 1992, did appellants' counsel explain to the district court in an "informational motion" that he had been incapacitated from October 15 to November 24, 1992. At best, this would excuse five and one-half weeks of a sustained ten-month delay, and no sufficient reason is suggested for the failure to prosecute during other periods. The failure to take any further action in the district court after the filing of the December, 1992 informational motion is particularly egregious. Yet even crediting all representations made by appellants' counsel at oral argument on appeal, no explanation has been suggested for the final two-month delay between January and March 15, 1993, or for the failure to request reconsideration of the dismissal order. Although we are not unsympathetic to appellants' plight in this case, we cannot conclude that the district court abused its discretion by dismissing their claims by reason of their counsel's abject failure to prosecute.[2]

*Affirmed.*[3]

---

1. At a status conference in August 1992, the court also warned of the possible dismissal of the claims of appellants Maria de los Angeles and Jose Ivan Piñero Rivera. The dismissal of their claims is no longer challenged.

2. In these egregious circumstances, we must heed our own admonition and "the teaching of the Court in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), that the acts or omissions of counsel are visited upon the client[,]" *United States v. One Lot of $25,721.00 in Currency*, 938 F.2d 1417, 1422 (1st Cir.1991); *see also Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410, 413 (1st Cir.1981), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). Of course, this means that appellants will be left to their remedies against counsel.

3. We direct the Clerk to provide the clerk of the district court with a copy of this opinion, in order that copies (and Spanish translations) may be mailed directly to each appellant by the district court.