51 F.3d 264
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Benjamin HERNANDEZ, et al., Plaintiffs, Appellants,
v.
Jose HERNANDEZ-COLON, et al., Defendants, Appellees.
 No. 94-2169
 United States Court of Appeals,
First Circuit.
 April 5, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Juan M. Perez-Gimenez, U.S. District Judge ]
 Peter John Porrata on brief for appellants.
 D.Puerto Rico
 REVERSED AND REMANDED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Benjamin Hernandez and Liduvina Silva appeal the district court's denial of their motion pursuant to Fed. R. Civ. P. 60(b), seeking relief from the court's sua sponte dismissal of their complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). We reverse and remand for proceedings consistent with this opinion.
 
 
 2
 As the district court did not provide otherwise, its dismissal was with prejudice and on the merits. See LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989) (dismissal for want of prosecution was on the merits and "with prejudice" where judgment did not "otherwise state"); Nagle v. Lee, 807 F.2d 435, 442-43 (5th Cir. 1987) (where judgment did not state whether it was without prejudice, Rule 41(b) requires court to treat dismissal as being with prejudice and on the merits).
 
 
 3
 We review dismissals pursuant to Rule 41(b) for abuse of discretion. Pinero Capo v. United States, 7 F.3d 283, 284 (1st Cir. 1993). We normally respect, and encourage, the efforts of district courts to manage their dockets decisively. Still, in this instance, the unrebutted information in the record indicates that the plaintiffs were prosecuting their case and had not disregarded any rule or order. Although this may not have been clear at the time that the district court dismissed the action sua sponte, the facts were brought out on the Rule 60(b) motion.
 
 
 4
 Only 91 days passed between the filing of the complaint and its dismissal by the district court. Plaintiffs had not disobeyed any court orders or ignored any warnings, since none had been issued. Compare Pinero Capo, 7 F.3d at 284 (affirming Rule 41(b) dismissal where appellants had repeatedly violated discovery orders despite clear warnings that dismissal would result and the court had first imposed lesser sanctions). Nor had appellants violated any procedural rules. Although plaintiffs failed to serve defendants during that 91-day period, Fed. R. Civ. P. 4(m) and Local Rule 313.1(A) permit service to be made within 120 days of the filing of a complaint. Cf. Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1560 (1st Cir. 1989) (holding that it was an abuse of discretion to dismiss case against certain defendants for lack of prosecution where plaintiffs had complied with D.P.R.L.R. 313.1(B)).
 
 
 5
 This case is not before us on direct appeal of the dismissal order, however. It is an appeal from the district court's denial of plaintiffs' Rule 60(b) motion. Rule 60(b) provides, in relevant part, as follows:
 
 
 6
 On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....
 
 
 7
 We review denials of Rule 60(b) motions for abuse of discretion. de la Torre v. Continental Ins. Co., 15 F.3d 12, 14 (1st Cir. 1994). "[T]he trial court's exercise of discretion must be colored by a recognition that, because Rule 60(b) is a vehicle for 'extraordinary relief,' motions invoking the rule should be granted 'only under exceptional circumstances.' " Id. (citations omitted).
 
 
 8
 Although plaintiffs failed to specify the section of Rule 60(b) upon which they relied, it is apparent that they sought relief for the reason of their "excusable neglect" of their case. The Rule 60 motion referred to "personal problems" between appellants (who are married) that had hampered their ability to communicate with their attorney, leading to their attorney's withdrawal and, ultimately, to the dismissal of the complaint for failure to prosecute. Plaintiffs also stated in their Rule 60(b) motion, which was filed by the same attorney who had previously withdrawn, that they had begun discovery and that the delay in serving the summonses resulted from a tactical decision to take depositions before completing service.
 
 
 9
 Ordinarily, we do not look with favor on the use of a Rule 60(b) motion to perform the office of a motion under Rule 59(e), which is subject to a 10-day limitation. On the other hand, the dismissal in this case was without prior warning and followed immediately upon the heels of the withdrawal by plaintiffs' attorney. Nor is there any evidence of prejudice from the delay. Under all of these circumstances, we conclude that the Rule 60(b) motion should have been granted. See Carter v. United States, 780 F.2d 925 (11th Cir. 1986) (reversing denial of Rule 60(b) motion seeking relief from Rule 41(b) dismissal under similar circumstances); see also Link v. Wabash Railroad Co., 370 U.S. 626, 632 (1962) (noting that the lack of prior notice of Rule 41(b) dismissal for lack of prosecution is "of less consequence" given "the escape hatch provided by Rule 60(b).")
 
 
 10
 We intend no criticism of the able district judge who, at the time of the dismissal, could easily have believed that the case was not being seriously pursued by the plaintiffs. But in light of the subsequent information provided, we do not think that the dismissal can stand. Plaintiffs are now on notice that they must pursue their case seriously and without further delay.
 
 
 11
 For the foregoing reasons, the district court's denial of the Rule 60(b) motion is reversed and the case is remanded to the district court for proceedings consistent with this opinion.