No. 96-2129

Robert Mann,                          *
                                      *
            Appellant,                *
                                      *    Appeal from the United States
      v.                              *    District Court for the
                                      *    Eastern District of Missouri.
Lawrence Lewis, M.D.; Kevin           *
Baumer, M.D.; John Kefalas,           *
M.D.; Douglas McDonald, M.D.;         *
St. Louis University Hospital,        *
                                      *
            Appellees.                *

_____

Submitted:  December 9, 1996

Filed:  February 26, 1997
_____

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

      Robert Mann appeals from the district court's Rule 41(b) dismissal
of his complaint.  We reverse and remand.

**I.**

      On August 29, 1990, Mann fell from the roof of a building owned by
Kevin and Patricia Jakoubek.  The Jakoubeks brought Mann to the emergency
department at St. Louis University Hospital for treatment of the fracture
in his right leg that Mann suffered in the fall.  Approximately five hours
later, Mann was transferred to St. Louis Regional Hospital.  Mann's right
leg was eventually amputated in December of 1991, allegedly as a
consequence of negligent treatment Mann received at the hospital.

On August 28, 1992, Mann filed suit in the Circuit Court of the City of St. Louis, Missouri, against the Jakoubeks, St. Louis University Hospital, Lawrence Lewis, M.D., Kevin Baumer, M.D., John Kefalas, M.D., Douglas McDonald, M.D., Jeffrey Kugler, M.D., and an unknown employee or employees of St. Louis University Hospital. Following the removal of the case to district court, Mann's claims against the Jakoubeks and Dr. Kugler were dismissed for failure to prosecute.

On November 17, 1994, the district court issued a pretrial order that directed the parties to comply with a number of requirements not less than ten days before trial. The trial date was continued a number of times, with trial finally scheduled to commence on March 11, 1996, on Mann's claims against the remaining defendants. The defendants filed their required pretrial documents and information on March 1, 1996. Mann's then-attorney, Drew Baebler, failed in all respects to comply with the pretrial order.

On February 21, 1996, the district court ordered Mann's expert, Dr. Oppenheim, to provide answers by March 5, 1996, to two questions he had refused to answer in his December 8, 1995, deposition. The answers were not mailed until March 5, 1996, and the defendants did not receive them until March 7, 1996.

On March 6, 1996, the defendants moved for dismissal of Mann's case with prejudice. On March 7, 1996, the district court granted the motion, explaining that Mann's failure to comply with the November 17, 1994, pretrial order and his untimely response to the February 21, 1996, order directly violated those orders and prejudiced the defendants by inhibiting their ability to prepare for trial.

On March 7, 1996, Mann, through Baebler, moved for dismissal without prejudice. In the motion, Baebler explained that the failure to comply was due to his discovery of facts completely

destroying Dr. Oppenheim's credibility as a witness. Baebler stated that he had learned during Dr. Oppenheim's October 10 and December 8, 1995, depositions that Oppenheim was no longer a licensed medical doctor and that two states had revoked his license for misusing his Drug Enforcement Agency privileges to prescribe narcotics for himself and for making false statements under oath. Baebler also stated that he more recently discovered that Oppenheim had been ordered to repay expert witness fees for lying about his credentials in open court. Baebler did not explain why he failed to take prompt action when these facts came to his attention. The district court denied the motion.

## II.

Mann argues that his case should not have been dismissed with prejudice because he did not engage in willfully disobedient or calculated conduct that warranted dismissal. He suggests that the district court should have considered alternative, less-drastic sanctions.

We recognize the importance of the expeditious treatment of cases in the district courts and the right of parties not to suffer prejudice as a result of an opposing party's dilatory conduct. To protect these interests, a district court has the power to dismiss cases when parties fail to comply with its rules. See Fed. R. Civ. P. 41(b); Moore v. St. Louis Music Supply Co., Inc., 539 F.2d 1191, 1193 (8th Cir. 1976).

Nevertheless, "not every instance of failure to comply with an order of court, however inexcusable, justifies total extinction of a client's cause of action." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint." Id. A district court should weigh the

court's need to advance its heavy docket against the consequence of irreversibly extinguishing the litigant's claim and consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party.  See Moore, 539 F.2d at 1193; see also Garland v. Peebles, 1 F.3d 683, 686-87 (8th Cir. 1993).

We agree that sanctions were certainly warranted for Mann's unjustified failure to comply with the district court's orders.  Dismissing Mann's case with prejudice, however, was disproportionate to his transgression.  Mann himself did not engage in any intentional or willfully disobedient conduct designed to delay the proceedings or frustrate the defendants' preparations for trial.  Rather, the failure to comply was due solely to Baebler's lack of diligence.  Under the facts of this case, Mann should not be made to shoulder such a grave consequence -- the total extinction of his claim -- for Baebler's dereliction.  See Moore, 539 F.2d at 1194.

Therefore, notwithstanding our reluctance to interfere with the district court's management of its docket, we conclude that dismissal without prejudice is a more fitting sanction here.  See id.  Such a remedy will relieve the district court of the burden of Mann's unprepared case, yet preserve Mann's day in court.  Assessing costs against Baebler personally, a sanction within the district court's power, see id. at 1193 n.2, would compensate the defendants for the prejudice they suffered.

Accordingly, we reverse the order dismissing the action, and we remand the case to the district court for entry of an order of dismissal without prejudice.  We leave it to the district court to determine, in its sound discretion, the costs to be assessed against Baebler, as well as any appropriate disciplinary action to be taken against him.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.