United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-3199

Barbara Inman,      *
     *
         Appellee,      *
     *
     *    Appeal from the United States District
     v.      *    Court for the Eastern District of Missouri.
     *
American Home Furniture Placement,      *
Inc.; AJF Transportation Consultants,      *
Inc.; Anthony Ferrentino, Sr.,      *
     *
         Appellants.      *

_____

Submitted: April 18, 1997
Filed: July 14, 1997
_____

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.

After appellants failed to file an answer, participate in discovery, or otherwise defend this action, the district court[1] entered default judgment against them and denied a subsequent motion to set aside that judgment. We affirm.

## I.    BACKGROUND

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

This case involves Barbara Inman's December 30, 1992, claim against American Home Furniture Placement, AJF Transportation Consultants, and Anthony Ferrentino, Sr., alleging violations of Title VII and Missouri state law. Between February 1993 and March 1995 defendants made three motions to strike or dismiss the complaint. The first two motions were denied as moot after Inman amended her pleadings. The third motion was denied on the merits by the district court, which scheduled a September 1995 trial. After that order was entered, defendants' participation in the litigation ceased. They did not answer the complaint, they did not respond to discovery requests, and defendant Ferrentino did not appear for his scheduled deposition.

In August 1995 Inman moved for default. The district court clerk entered default against each defendant, and the district court set the motion for a hearing.[2] Spurred to action at last, the defendants moved to set aside entry of default. In September the district court conducted a hearing at which, after a continuance, the defendants represented that their inaction was due solely to the negligence of their attorney, who told the court she was experiencing "personal problems." The district court then entered a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and denied defendants' subsequent Rule 60(b)(6) motion to set aside judgment. Defendants (represented by new counsel) appeal both rulings.

## II.  DISCUSSION

We review a district court's action in imposing default judgment for abuse of discretion. Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th

---

[2]Entry of a default under Federal Rule of Civil Proceedure 55(a) is not, as such entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c).

Cir. 1996). We review the denial of a motion to set aside judgment under Rule 60(b)(6) under the same standard. Agostini v. Felton, 65 U.S.L.W. 4524, 4533 (U.S. June 23, 1997) (Nos. 96-552/96-553).

As an initial matter, defendants contend that the district court abused its discretion in imputing counsel's inaction to them. They assert that they are unsophisticated litigants who did all they could to keep abreast of the case. The Supreme Court, however, has explained that our focus should not be on whether defendants "did all they reasonably could in policing the conduct of their attorney [but] on whether their attorney, as [defendants'] agent, did all [s]he reasonably could to comply with the court-ordered [deadlines]." Pioneer Investment Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 396 (1993). Defendants claim that Mann v. Lewis, 108 F.3d 145, 147 (8th Cir. 1997), modifies that principle in the context of default judgments. In Mann, the district court dismissed plaintiff's claims with prejudice after supplemental discovery had been filed two days late and compliance with a pretrial order was seven days overdue. On appeal, we held that dismissal with prejudice was too harsh a sanction for this attorney negligence. Thus, Mann is an example of the violation not being severe enough to merit extinction of a party's claim. It does not hold that, as a general matter, parties are not bound by counsel's acts.

Litigants choose counsel at their peril. Comiskey v. JFTJ Corp., 989 F.2d 1007, 1010 (8th Cir. 1993); Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992).[3] While it may seem harsh to make defendants answer for their attorney's behavior, any other result would punish Inman for the inaction of her opponents' lawyer. Defendants are better suited to bear this risk. If they were truly diligent

---

[3] Defendants attempt to distinguish Boogaerts and Comiskey on the grounds that they involved Federal Rule of Civil Procedure 37 rather than Rule 55(c). We fail to see the logic in punishing clients for attorneys' active misconduct in the discovery process while exempting them when counsel ignores the case altogether.

litigants who were misled and victimized by their attorney, they have recourse in a malpractice action. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 634 n. 10 (1961).

We next consider whether default judgment was appropriate here. On the one hand, such a sanction should not be used to punish "marginal failure[s] to comply with time requirements." <u>Ackra</u>, 86 F.3d at 856. On the other hand, default judgment is "appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" <u>Id.</u> (quoting <u>United States v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993)).

Defendants concede that counsel's actions were more than a marginal violation of time requirements. Before the default hearing, counsel had done nothing regarding this litigation since filing a motion to dismiss in April 1994. She failed to answer a three-year-old complaint, neglected discovery requests, and ignored repeated inquiries from Inman's counsel. The district court was within its discretion in interpreting this behavior as willful and a failure to defend under Rule 55(c).

Defendants point to other factors they claim nevertheless weigh against the entry of default judgment. They argue that the size of the award and their potential defenses make default judgment inappropriate in this case. We have previously rejected both of these excuses for dilatory conduct under Rule 55(c). <u>Ackra</u>, 86 F.3d at 857.

Finally, defendants argue that the district court erred in refusing to grant their motion to set aside the default judgment, pursuant to Rule 60(b)(6). However, we have held that "Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness." <u>Sutherland v. ITT Continental Baking Co.</u>, 710 F.2d 473, 476-77 (8th Cir. 1983). Defendants point out that they have now complied with all outstanding discovery requests. This compliance does not excuse their earlier inattention and comes too late to convert defendants' case into one of "exceptional

-4-

circumstances" warranting relief under Rule 60(b)(6).  Atkinson v. Prudential Property
Co., 43 F.3d 367, 373 (8th Cir. 1994).

### III.    CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.