**John R. HUTCHINGS, Appellant,**

v.

**Michael W. WAXENBERG, Frank Susman, Andrew A. Rimmel, d/b/a Susman, Schermer, Rimmel & Shifrin, Boatmen's Trust Company, Manchester Life and Casualty Management Corporation, and Catherine Hutchings, Respondents.**

No. 72974.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1998.

John R. Hutchings, Chesterfield, pro se.

Steven L. Leonard, Clayton, Terrance J. Good, Katherine M. Barrett, St. Louis, for Respondents.

AHRENS, Presiding Judge.

Plaintiff, John R. Hutchings, appeals from the trial court's judgment dismissing all of his claims against various defendants. We affirm.

United States Central Underwriters Agency (U.S.Central) was apparently a holding corporation with its sole asset consisting of 114,999 shares of defendant Manchester Life and Casualty Management Corporation's (Manchester) common stock. U.S. Central has been a defunct corporation since at least 1982 and plaintiff has been a creditor of U.S. Central in the amount of $145,000 for that entire period.

In June, 1988, defendant Susman, Shermer & Rimmell, law firm, represented defendant Catherine Hutchings in a transaction whereby U.S. Central transferred its 114,999 shares of common stock in Manchester to Catherine Hutchings. Law firm also represented plaintiff in a tax matter in 1982 and in a civil suit in 1991 through 1992.

Plaintiff filed a *pro se* petition in March 1997 followed by a first and second amended petition in April 1997. Plaintiff's second amended petition contains six counts. Counts I, II and III are directed against law firm. Count I is a malpractice action against the firm, Count II is a fraudulent concealment count against the firm and Count III is a breach of attorney/client privilege and relationship count. Count IV is a breach of fiduciary duty claim against Boatmen's, the statutory trustee of U.S. Central's assets. Count V is an untitled count against Manchester. Count VI is an untitled count against Catherine Hutchings.

All of the defendants filed motions to dismiss plaintiff's various counts. The trial court granted all of the defendants' motions on August 1, 1997. The trial court dismissed Counts IV and V with prejudice and dismissed Counts I, II, III and VI without prejudice.

The trial court also found that plaintiff's filing of the petition violated Rule 55.03(b) because of three reasons. First, plaintiff's petition was devoid of merit and was not warranted by either existing law or a good

faith extension, modification or reversal of existing law. Second, the allegations plaintiff advanced in this suit were essentially the same as those contained in five other lawsuits, all of which have been dismissed. Finally, the trial court found that plaintiff had harassed opposing counsel during discovery by seeking to remove law firm's counsel and seeking to take the deposition of Catherine Hutchings' counsel. The trial court ordered plaintiff to dismiss his case with prejudice within seven days as a sanction for violating Rule 55.03(b). Apparently, plaintiff did not abide by the trial court's order and the trial court dismissed the suit with prejudice as to all defendants on August 7, 1997. Plaintiff appeals from both the trial court's August 1 and August 7 orders.

■ Before we address the merits of plaintiff's appeal, we must first ascertain which document plaintiff may appeal from. An aggrieved party may only appeal from the final judgment of the trial court. Section 512.020 RSMo. (1994); *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852–53 (Mo. banc 1997). The legislature has defined a judgment as the final determination of the rights of the parties in the action. Section 511.020.

■ Here, in its August 1 order the trial court dismissed some of plaintiff's counts with prejudice and some without prejudice. The trial court then dismissed all of plaintiff's counts with prejudice in its August 7 order. Thus, the trial court's August 7 order altered plaintiff's rights *vis-à-vis* its August 1 order in that the August 7 order completely denied plaintiff the opportunity to refile his suit. On this record, we find that the trial court's final determination of the rights of the parties was contained in its August 7 order.

Plaintiff asserts seven points of error on appeal, but only two relate to the trial court's August 7 order. The other points relate to the dismissals without prejudice in the August 1 order, which were changed to dismissals with prejudice by the August 7 order. Because the trial court's August 7 order is its final judgment in the case, we only have jurisdiction to review those two points under section 512.020.

■ In his first point related to the trial court's August 7 order, plaintiff argues that the trial court did not have the authority to dismiss his suit with prejudice for two reasons. First, plaintiff contends that the trial court lost jurisdiction over the suit once it dismissed all of his counts in the August 1 order. Plaintiff's argument overlooks the fact that a trial court retains jurisdiction over an order for the thirty-day period after it issues the order. Rule 75.01. Therefore, the trial court did have jurisdiction over the suit when it dismissed the suit with prejudice on August 7.[1]

■ Plaintiff also contends that the trial court did not have the authority to dismiss his suit with prejudice on August 7 because the trial court gave him until August 8 to dismiss the suit with prejudice himself. However, regardless of whether the trial court or plaintiff dismissed the suit with prejudice, plaintiff still would have been barred from refiling his claims. Therefore, any error that the trial court may have committed by dismissing plaintiff's suit one day early would be harmless and would not warrant reversal. Rule 84.13(b). Point denied.

■ In his second point relating to the trial court's August 7 order, plaintiff argues that the trial court erred in finding that he violated Rule 55.03(b). Because plaintiff has not substantially complied with the requirements of Rule 84.04(d), this point preserves nothing for appellate review.

■ Plaintiff's point reads:

"The trial court erred and abused its discretion in finding that this lawsuit violates Rule 55.03(b) because Plaintiff's suit has merit and is warranted by existing law."

Rule 84.04(d) requires every point relied on to contain: (1) a concise statement of the challenged order of the trial court; (2) the

---

1. We note that Rule 75.01 does require the trial court to give the parties an opportunity to be heard before it alters its order. It is unclear from the record whether the trial court provided such an opportunity here. However, plaintiff has not complained on appeal that the trial court did not abide by the procedures outlined in Rule 75.01.

rule of law that the trial court should have applied; and (3) the evidentiary basis to support the application of that rule of law. *Crabtree v. Bugby,* 967 S.W.2d 66, 70 (Mo. banc 1998). The purpose of this rule is to ensure that all parties have notice of what issues will be argued on appeal and to ensure that the appellate court does not take on the role of an advocate. *Id.*

 Here, plaintiff's point relied on does contain a statement of the challenged order and the rule of law that the court should have applied. However, plaintiff fails to assert the evidentiary basis that supports the application of that rule of law. Further, plaintiff did not explain in the argument section of his brief what the evidentiary basis is for a finding that his petition has merit and is warranted by existing law. Rather, plaintiff only asserts in his argument section that the allegations contained in the present suit are different from the allegations contained in the prior suits that were dismissed.[2] Thus, we are unable to ascertain from plaintiff's brief what the evidentiary basis is for his assertion that his suit has merit and is warranted by existing law.

Rule 84.04(d) also requires a party to cite appropriate and available precedent that supports its point relied on. *City of Kansas City v. Hayward,* 954 S.W.2d 399, 402 (Mo. App.1997). If the party does not cite any authority in support of its point relied on or fails to explain why it failed to cite any authority, then an appellate court must deem that the party has abandoned that point. *Id.* Here, plaintiff has failed to provide either a citation to any authority or an explanation of why he did not cite to any authority under this point. Based on these two violations of Rule 84.04(d), we find that plaintiff has failed to preserve any allegation of error under this point. Therefore, we review for plain error only. Rule 84.13(c).

We have reviewed the record and find that the trial court's dismissal of plaintiff's case with prejudice for violation of Rule 55.03(b) did not result in a manifest injustice or a miscarriage of justice. Accordingly, the trial court did not plainly err in dismissing plaintiff's case with prejudice. Plaintiff's second point is denied.

Defendants have filed motions to impose sanctions on plaintiff for filing a frivolous appeal under Rule 84.19. An appeal is frivolous if it presents no justiciable question and is so recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed. *Fravel v. Guaranty Land Title,* 934 S.W.2d 23, 25 (Mo.App.1996). We will impose sanctions for filing a frivolous appeal with extreme caution to avoid the chilling of an appeal of even slight, colorable merit. *Id.*

Although plaintiff's lawsuit is without merit, we do not find plaintiff's arguments on appeal so devoid of merit as to warrant the imposition of sanctions. Defendants' motions are denied.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.

---

2. We note that we cannot review plaintiff's contention that the instant suit is based upon different allegations than those in the prior suits because plaintiff has failed to provide us with the petitions in those prior suits. It is the appellant's duty to provide a complete record on appeal. *Brancato v. Wholesale Tool Co.,* 950 S.W.2d 551, 554 (Mo.App.1997). If the appellant fails to include in the record on appeal any information that this court needs to review an allegation of error, there is nothing for this Court to review. *Id.* Here, because plaintiff failed to include his prior petitions in the record on appeal, we cannot review plaintiff's allegation that his prior petitions are based on different allegations than those contained in the instant petition.