Lanny CAMDEN, Roger Camden, and Rebecca Camden Warren, surviving children of Winford Camden, deceased, Plaintiffs–Appellants,

v.

Richard MATTHEWS, M.D., Defendant–Respondent.

No. SD 29715.

Missouri Court of Appeals, Southern District, Division One.

March 23, 2010.

John J. Allan, St. Louis, MO, for Appellants.

Debra L. Gullett, Springfield, MO, for Respondent, Richard Matthews, M.D.

DON E. BURRELL, Judge.

Three surviving children of Winford Camden ("Plaintiffs") appeal a judgment entered in favor of Dr. Richard Matthews ("Defendant"), one of three doctors Plaintiffs had sued for the wrongful death of their father ("Winford").[1] That judgment dismissed with prejudice Plaintiffs' claim against Defendant as a sanction under Rule 55.03(f)[2] for their attorney's filing of a false medical negligence affidavit in a prior suit Plaintiffs had voluntarily dismissed ("the prior case").

---

1. Because several of the parties share the same surname, we use their given names for ease of identification. In doing so, we intend no disrespect.

2. Unless otherwise indicated, all rule references are to Missouri Court Rules (2009).

In their first point of alleged error, Plaintiffs claim the trial court erred in dismissing their claim against Defendant with prejudice because Rule 55.03 states the sanction imposed must be upon the lawyer or party responsible for the violation and Plaintiffs were not involved in procuring the false affidavit. In their second point, Plaintiffs claim no sanctions should have been imposed because the false affidavit had been remedied before the motion for sanctions was filed.

Because the purpose of imposing sanctions under Rule 55.03 is to punish the wrongdoer and deter a future repetition of similar behavior, we find merit in Plaintiffs' first point. We reverse the judgment of dismissal, remand the case, and direct the trial court to impose an appropriate sanction against Plaintiffs' attorney and/or law firm.

**Factual and Procedural Background**

On December 27, 2005, Plaintiffs filed their initial wrongful death petition against Defendant and two other health care providers, alleging each caused, or contributed to cause, Winford's death. Plaintiffs' petition prayed for compensatory damages and reimbursement for medical bills in excess of $500,000. On July 13, 2006, Plaintiffs' attorney filed an affidavit required by section 538.225, RSMo Cum. Supp.2006,[3] after having received permission from the court to file it late. The relevant portion of that affidavit stated:

> ... the attorney has obtained the written opinions FROM legally qualified health care provider which states that the following defendant health care providers, ... RICHARD MATTHEWS M.D. failed to use such care as a reasonably prudent and careful health care provider would have used under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> . . . .
>
> 2. Thomas Schmitz, M.D. of Terre Haute, Indiana, is an oncology-radiologist in active practice and in substantially the same specialty as the defendant, Richard Matthews, M.D.

It is undisputed that at the time the affidavit was filed, Plaintiffs' attorney had obtained no such written opinion of negligence from Dr. Schmitz.

On November 9, 2007, well over a year after the affidavit was filed, the parties' attorneys traveled to Terre Haute, Indiana, to depose Dr. Schmitz. During his deposition, Dr. Schmitz testified that he had never given Plaintiffs' attorney any opinion about whether Defendant's actions failed to meet the appropriate standard of

---

**3.** Section 538.225 provides, in pertinent part, that:

1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable

care directly caused or directly contributed to cause the damages claimed in the petition.

2. As used in this section, the term "**legally qualified health care provider**" shall mean a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.

3. The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.

care or contributed to Winford's death. Dr. Schmitz stated that he was unable to form a final opinion on negligence until he reviewed the x-ray films, which he had still not received as of the date of his deposition. Plaintiffs' counsel subsequently provided the x-ray films to Dr. Schmitz who then produced a written opinion in January of 2008 that stated [Defendant's] care was negligent and directly caused, or directly contributed to cause, the damages claimed in Plaintiffs' petition.

On March 4, 2008, Defendant filed a "Motion to Dismiss for Fraudulent Filing of Affidavit and Failure to Comply With [section] 538.225." That motion requested that Plaintiffs' claim against Defendant be dismissed without prejudice effective "retroactively" to the date of the fraudulent affidavit, July 10, 2006. After that motion was filed and argued, but before any ruling thereon was issued by the trial court, Plaintiffs voluntarily dismissed their suit on April 24, 2008. Four days later, Plaintiffs re-filed essentially the same action against the same defendants (the instant case). Attached to Plaintiffs' new petition was the same medical negligence affidavit that had been filed in the prior case but which was no longer false in that the referenced written opinion had been procured from Dr. Schmitz in January of 2008.

On August 28, 2008, Defendant filed a "Motion for Sanctions Under [Rule] 55.03(f)." This motion sought dismissal of the instant case with prejudice based on the filing of the false affidavit in the prior case. On February 10, 2009, the trial court entered its Judgment of Dismissal. That judgment contained, *inter alia*, the following specific findings:

6. ... Plaintiffs' counsel filed his affidavit [in the prior case] with full knowl-edge that it was false, or at a minimum, with reckless disregard for whether what he was swearing to was true or false.

...

10. Plaintiffs' counsel with a reckless disregard for the truth presented his affidavit for a fraudulent purpose.

11. [Defendant] has been prejudiced and damaged in that he lost the ability to challenge the affidavit at an earlier stage in the litigation and possibly lost the opportunity to be immune from the original case and present suit.

12. Were the affidavit truthfully executed and filed, a motion to dismiss would have been properly filed in that there would have been no support against [Defendant]. A dismissal without prejudice would have been appropriately ordered by the Court.

13. Plaintiffs were unable to secure the required written opinion until January 2008. This would have been long past the time in which Plaintiffs would have had to re-file their action against [Defendant], and any action would have been outside the applicable statute of limitations.[4]

14. Counsel's fraud has damaged [Defendant], in that he has had to defend a lawsuit which statutorily could not proceed due to failure of the affidavit in July 2006.

15. [Defendant] filed his motion to dismiss without prejudice in the underlying case and sought that the dismissal be retroactively applied to the date of the fraudulent affidavit.

16. After argument but before this Court ruled, Plaintiffs voluntarily dismissed the original matter, [case num-

---

4. We note that this finding rests on the dubious assumption that the trial court had the ability to make its dismissal of the prior case "retroactive" to the date of the filing of the then-false affidavit.

ber of the prior case], against [Defendant], without prejudice on April 24, 2008.

17. Plaintiffs' counsel knowingly dismissed the original case and re-filed the instant suit.

18. This Court is and was inclined to sustain [Defendant]'s motion to dismiss retroactive to the date of the fraudulent filing, however, due to Plaintiff's dismissal and refilling, [sic] this Court is left with only the option of imposing sanctions on Plaintiffs for the fraudulent affidavit filing.

19. Having abrogated Missouri's statutory mandate, sanctions are warranted.

20. Due to [c]ounsel's actions, equity demands the Court, as a sanction, dismiss this cause of action with prejudice.

21. Furthermore, an award of reasonable attorney's fees is appropriate for the prosecution of the various motions for sanctions.

22. The court further finds that there is no just reason to delay enforcement or appeal.

Based on these findings, the court dismissed Plaintiffs' "cause of action" with prejudice.[5] This appeal timely followed.

### Standard of Review

 "We will affirm a trial court's decision to impose sanctions pursuant to Rule 55.03(c)[[6]] unless the court abused its discretion in doing so." *Brown v. Kirkham*, 23 S.W.3d 880, 882 (Mo.App. W.D. 2000). "An abuse of discretion occurs when the court's order is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Rea v. Moore*, 74 S.W.3d 795, 799 (Mo.App. S.D.2002) (quoting *Brown*, 23 S.W.3d at 882–83).

### Analysis

In their first point relied on, Plaintiffs argue the trial court erred when it dismissed their case with prejudice because Rule 55.03 states sanctions are to be imposed on "lawyers, law firms, or parties that have committed or are responsible for the violations . . . ." Rule 55.03(d). Plaintiffs contend they had nothing to do with the preparation or filing of the medical negligence affidavit, therefore, the dismissal of their case with prejudice was an abuse of discretion because the sanction was imposed against the wrong persons. Plaintiffs' second point asserts that the trial court erred in imposing any sanctions "because the complained[-]of conduct had been remedied before the motion for sanctions was filed and its [the trial court's] only real option was to dismiss the case without prejudice." We agree with Plaintiffs' first point of alleged error and reverse the judgment on that basis, rendering Plaintiffs' second point moot.

Rule 55.03(f) provides that "[i]f conduct constituting a violation of Rule 55.03(c) occurs but the civil action is dismissed . . . and . . . a civil action based upon or including the same claim against the same party is thereafter filed, the court . . . on motion of a party to the first action may impose an appropriate sanction in the second ac-

---

**5.** Despite this broad language, an earlier paragraph of the Judgment of Dismissal reads that the matter is "dismissed against [Defendant] with Prejudice[,]" and the parties treat the dismissal as applying only to Plaintiffs' claim against Defendant. We will likewise assume that the dismissal at issue affected only Plaintiffs' claim against Defendant. We also note that although the judgment stated that "an award of reasonable attorney's fees is appropriate[,]" the judgment contains no such award.

**6.** Rule 55.03(f) incorporates the provisions set forth in Rule 55.03(c) by reference.

tion for the violation of Rule 55.03(c)." Rule 55.03(c) provides that when an attorney or party submits a document to the court, that attorney or party is certifying that the document is accurate to the best of the person's knowledge, information, and belief.

Rule 55.03(c) sets forth four types of situations that warrant the entry of sanctions against an attorney or party: (1) the document is presented for an improper purpose, such as harassment or delay; (2) the legal claims in the document are frivolous; (3) the allegations or contentions contained in the document don't have evidentiary support; and (4) the denials of factual contentions are not warranted on evidence. In this case, Defendant's motion for sanctions contends that Plaintiffs violated Rule 55.03(c)(1) and (c)(3) because they presented the affidavit for an improper and fraudulent purpose and because they knew the affidavit did not have evidentiary support.

Plaintiffs do not contest the applicability of Rule 55.03. Instead, they contend that any sanction imposed for a violation of the rule may only be imposed on the person who committed the act—in this case, Plaintiffs' attorney. In support of that argument, Plaintiffs rely on Rule 55.03(d), which states that a court "may impose an appropriate sanction upon the lawyers, law firms, or parties that have *committed or are responsible for the violation.*" (Emphasis added). The rule also provides that sanctions imposed "shall be limited to that which is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 55.03(d)(2).

The specific question before us appears to be a matter of first impression as our review of Missouri cases involving sanctions imposed under Rule 55.03 has provided us with no direct guidance. However, Rule 11 of the Federal Rules of Civil Procedure [7] is one of the mechanisms used by federal courts in imposing sanctions for improper behavior and is similar in both its wording and purpose to the portions of Rule 55.03 at issue in the instant case. As a result, the various circumstances under which the federal circuit courts of appeal have approved or disapproved a dismissal with prejudice as a sanction for improper behavior are instructive.

While nothing in Rule 55.03 says a dismissal with prejudice is not an available sanction to impose on parties to a lawsuit, the Eighth Circuit has stated that "[d]is-

---

**7.** The relevant portion of that rule reads as follows:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later, advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically *so identified, are reasonably based on belief* or a lack of information.
> (c) **Sanctions.**
> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.
> . . . .
> FED.R.CIV.P. 11(b) and (c).

missal with prejudice is an 'extreme sanction' that should only be available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis,* 560 F.3d 824, 826 (8th Cir.2009) (quoting *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir.2000)). It further noted that because dismissal with prejudice is a drastic remedy, it should be used sparingly and only when other sanctions would not be an effective deterrent to the conduct. *Siems,* 560 F.3d at 826.

The First Circuit has stated that a dismissal with prejudice is reserved for "egregious misconduct ... measured by considering all aspects of the case, including 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness ... of the misconduct, mitigating excuses, prejudice to the other side and to ... the court, and the adequacy of lesser sanctions.'" *Ruiz–Rosa v. Rullan,* 485 F.3d 150, 154 (1st Cir.2007) (quoting *Robson v. Hallenbeck,* 81 F.3d 1, 2–3 (1st Cir.1996)).

In *Doe v. Cassel,* 403 F.3d 986 (8th Cir.2005), the plaintiff filed four complaints within eighteen months—each time doing so without complying with the district court's orders to correct certain deficiencies present in her previous complaints. *Id.* at 988. The plaintiff had also failed to meet the court's discovery schedule in matters relating to her expert witnesses. *Id.* The combination of these actions caused undue delay, and the Eighth Circuit held that dismissing the plaintiff's third amended complaint with prejudice and denying her leave to amend a fourth time as a sanction for that conduct was not an abuse of discretion. *Id.* at 990–91.

In *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir.2001), the defendant repeatedly refused to provide her deposition; caused extensive delays in producing her business records; evaded a subpoena issued to her husband; and issued subpoenas to school districts without notice to the plaintiff after the court's discovery deadline had expired. *Id.* The Court found that these abuses went to the heart of trial preparation and that the district court did not abuse its discretion in dismissing defendant's counterclaims with prejudice and entering a default judgment in favor of the plaintiff. *Id.*

In *Capo v. United States,* 7 F.3d 283 (1st Cir.1993), the plaintiffs brought a medical malpractice action and continually violated the discovery-related orders of the district court. *Id.* at 284. After hearing three motions to compel the plaintiffs' compliance with the court's discovery orders, the district court dismissed the plaintiffs' case with prejudice based on "[the plaintiffs'] consistent failure to diligently prosecute their claims despite the specific deadlines set by the Court to respond to interrogatories and furnish discovery related to expert witnesses." *Id.* In affirming that sanction, the circuit court held that "[a]lthough we are not unsympathetic to appellants' plight in this case, we cannot conclude that the district court abused its discretion by dismissing their claims by reason of their counsel's abject failure to prosecute." *Id.* at 285.

In *Mann v. Lewis,* 108 F.3d 145 (8th Cir.1997), a plaintiff's attorney failed in all respects to comply with the court's pretrial orders. *Id.* at 147. Based on that abject failure, the district court dismissed the case with prejudice. *Id.* On appeal, the Eighth Circuit held that although some sanction should have been imposed against the plaintiff's attorney, dismissing the plaintiff's case with prejudice was disproportionate to the plaintiff's own conduct. *Id.*

We now turn to a review of Missouri cases involving the imposition of sanctions

under Rule 55.03. In *State ex rel. Accurate Constr. Co. v. Quillen,* 809 S.W.2d 437, 440 (Mo.App. E.D.1991), the eastern district of this court found a petition for writ of mandamus submitted to it to be both factually and legally frivolous. The court, *sua sponte,* imposed sanctions pursuant to Rule 55.03, not against the party, but against the petitioner's attorney, fining him $2,052. *Id.* at 440–41.

In *Hutchings v. Waxenberg,* 969 S.W.2d 327 (Mo.App. E.D.1998), the trial court found that the plaintiff's *pro se* petition violated Missouri Court Rule 55.03(b) (1997)[8] because: 1) it was devoid of merit and not warranted by either existing law or a good faith extension; 2) it was based on claims contained in five other lawsuits that had previously been dismissed; and 3) the plaintiff had harassed opposing counsel during the discovery process. *Id.* at 328–29. Based on those violations, the trial court ordered the plaintiff to dismiss his case with prejudice within seven days. *Id.* When the plaintiff failed to do so, the trial court dismissed the plaintiff's petition with prejudice. *Id.* On appeal, the Eastern District did not address the alleged violation of Rule 55.03(b) because the issue had not been properly preserved for appellate review. *Id.* at 329. In any event, the trial court in *Hutchings* had found the plaintiff's entire lawsuit to be without merit. *Id.* at 330. In the instant case, Dr. Schmitz has issued a written opinion supporting Plaintiffs' claim that Defendant was negligent.

Finally, in *Brown, supra,* the defendant was granted summary judgment on the ground that the plaintiff lacked standing to bring her claim. 23 S.W.3d at 882. After the Western District affirmed the summary judgment, the plaintiff re-filed the identical claim. *Id.* The defendant filed a motion for sanctions under Rule 55.03 that sought a dismissal of the claim and an award of attorney fees and costs. *Id.* The trial court dismissed plaintiff's petition with prejudice and awarded defendant $1,750, to be recovered from plaintiff and her attorney. *Id.* On appeal, the Western District held that "[b]ecause [plaintiff] was clearly barred from bringing an undue influence claim in [the first lawsuit], the trial court did not err in finding that sanctions were warranted for bringing the claim in this case." *Id.* at 883. While the court found appropriate the dismissal with prejudice of plaintiff's petition and the imposition of monetary sanctions to cover attorney fees and costs, it remanded the matter with an instruction that the monetary judgment be entered only against the plaintiff's attorney and not against the plaintiff herself. *Id.* at 885–86. The case at bar is distinguishable from *Brown* in that the claim dismissed with prejudice in *Brown* was absolutely barred by the doctrine of *res judicata.*

Our evaluation of the cases listed above convinces us that the dismissal with prejudice of Plaintiffs' claim was too harsh a remedy. The case at bar did not involve repetitive misconduct attributable to Plaintiffs or a petition that lacked merit or presented a claim that was barred by *res judicata.*[9] While we have no disagreement with the trial court's conclusion that the conduct at issue warranted the imposition of a sanction pursuant to Rule 55.03, we are firmly convinced that dismissing Plaintiffs' claim against Defendant with preju-

---

**8.** In 1997, Rule 55.03(b) contained the provisions now set forth in Rule 55.03(c).

**9.** It is difficult to imagine that Plaintiffs would have had any involvement in the preparation or submission of the medical negligence affidavit. This is in contrast to discovery responses which typically require the direct involvement of the parties themselves.

dice was not a sanction "limited to that which is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated" as required by Rule 55.03(d)(2). There is no evidence in the record that Plaintiffs had anything to do with the filing of the false affidavit or knew that it was false when filed. Plaintiffs' attorney apparently admits that he was the individual responsible for the filing of the false affidavit. As a result, it was his future conduct that needed to be deterred.

The trial court abused its discretion in dismissing Plaintiffs' claim against Defendant with prejudice. The judgment of dismissal is reversed, and the case is remanded to the trial court which is hereby instructed to consider the entry of an appropriate sanction against Plaintiffs' attorney and/or his law firm.

BARNEY, J., and BATES, P.J., Concur.