# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3429

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| 2005 Chrysler 300C, | * | Appeal from the United States |
| VIN2C3AA63HX5H631206, | * | District Court for the |
| with all appurtenances and attachments | * | Eastern District of Missouri. |
| thereon, | * | |
| | * | [UNPUBLISHED] |
| Defendant, | * | |
| | * | |
| Paula Drones, | * | |
| | * | |
| Claimant/Appellant. | * | |

_____

Submitted: June 18, 2010
Filed: June 24, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] entered a default judgment in this civil forfeiture case. Paula Drones moved to set aside the default judgment and the district court denied the motion. Drones appeals[2] and we affirm.

This forfeiture action has its roots in a joint investigation conducted by state and federal drug and law enforcement agencies. Kenneth Drones was identified as a leader of a significant heroin distribution organization in the St. Louis area. After executing a search warrant at Kenneth Drones's residence, agents seized the vehicle at issue and $15,615.00 in cash and initiated a forfeiture action under the provisions of Title 21, United States Code, Section 881. The government filed the forfeiture complaint on June 20, 2008. Kenneth Drones pled guilty to heroin distribution charges and agreed to forfeit his interest in the money. The currency was ultimately forfeited without incident. Paula Drones submitted a claim of ownership in the vehicle.

Title 21 of the United States Code section 881(a) subjects to forfeiture any property which the government has probable cause to believe was either (1) purchased with proceeds traceable to the exchange of a controlled substance, 21 U.S.C. § 881(a)(6); or (2) used to facilitate the commission of a drug-related crime, id. § 881(a)(4). These forfeiture actions are governed by the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims. Id. § 881(b). At the time in question, these rules unambiguously required a person who asserted a right of possession or any ownership interest in the property that was the subject of the action to file a verified statement of right or interest *and* serve an answer within

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

[2]The appeal is timely because the August 14, 2009, judgment was not entered on the docket until August 17, 2009, and the notice of appeal was filed sixty days thereafter, on October 16, 2009. See Fed. R. App. P. 4(a)(1)(B) & 4(a)(7)(A)(i).

twenty days after filing the statement of interest or right. Fed. R. Civ. P., Supplemental Rules for Admiralty or Maritime Claims G(5).

Here, Drones attempted to file her "Verified Statement Identifying Interest in Defendant Property" on November 12, 2008, and successfully did so on November 13, 2008. However, Drones never filed an answer. Accordingly, the government moved to strike Drones's verified claim and requested entry of default against the defendant vehicle. Although Drones thrice requested time to respond to the government's motions, which the court granted, she failed to make the requisite filings in this case. As such, the district court struck Drones's claim and referred the matter to the clerk for entry of default.

The clerk first entered default against the vehicle on July 6, 2009. That same day, Drones moved to set aside the entry of default, which the court denied on July 27, 2009. The clerk entered the final default judgment in this case on August 17, 2009.

We review the denial of a motion to set aside default for abuse of discretion. Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008). "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) allows a court to set aside a default judgment if there is mistake, inadvertence, surprise, or excusable neglect. When examining whether good cause exists, the district should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Stephenson, 524 F.3d at 912 (quotation omitted).

On appeal, Drones claims the district court abused its discretion in denying her motion to set aside the default judgment because her failure to file an answer was due to a simple mistake amounting to excusable neglect. First, counsel claims he was wholly unaware that an answer had not, in fact, been filed along with Drones's verified

claim. Even so, there is no excuse for the failure to file the answer after the government pointed out the omission and it was crystal clear that an answer had not been filed. In Drones's three motions for additional time, counsel's stated reasons for requesting more time included such issues as technology problems, a busy trial schedule, and assisting the relocation of a family member. Failing to file an answer or response motions because of a busy schedule or internal administrative challenges does not pass muster as excusable neglect. Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997) (stating that "Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness." (quotation omitted)).

For the foregoing reasons, the decision of the district court is affirmed.

_____