# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2534

_____

William Hines; Kywanda Hines,

*Plaintiffs - Appellants*,

v.

Green Tree Servicing, LLC ("Green Tree"); Green Tree Recovery,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: February 4, 2014
Filed: February 19, 2014

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

William and Kywanda Hines appeal the district court's[1] orders denying their motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(4) and (d)(1), and denying their subsequent motion for reconsideration. In their motions,

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

they asserted that a prior final judgment was entered without jurisdiction and was wrongly decided, and that their attorney had been incompetent. Upon careful review, we conclude that the motions lacked merit and were properly denied. See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) (individual may submit to personal jurisdiction of court by appearance); Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997) (Rule 60(b) has never been vehicle for relief because of attorney's incompetence or carelessness); see also Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010) (discussing standard for granting relief under Rule 60(d)); Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (Rule 60(b)(4) motion may not be used as substitute for timely appeal of judgment; Rule 60(b)(4) motion to void judgment for lack of subject matter jurisdiction will succeed only if absence of jurisdiction was so glaring as to constitute total want of jurisdiction or plain usurpation of power so as to render judgment void from its inception).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____