# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3581

_____

Jane Doe, individually and as Next    *
Friend of John Doe, a minor,    *
   *
       Plaintiff-Appellant,    *
   *    Appeal from the United States
    v.    *    District Court for the
   *    Eastern District of Missouri.
Martha Cassel; Angel Cooper; Skye    *
Howard; Randall Majors; Jeff Frick;    *    **[PUBLISHED]**
Monica Smith,    *
   *
       Defendants-Appellees.    *

_____

Submitted: March 14, 2005
Filed: April 11, 2005

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Plaintiff appeals dismissal of her § 1983 suit with prejudice for failure to satisfy the heightened pleading requirements imposed by the district court.[1] We affirm on the basis that Doe failed to comply with the district court's reasonable orders.

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, presiding.

# I.
## A. Facts.

As this case comes to us in part on review of a FED. R. CIV. P. 12(b)(6) motion, we view the facts in the light most favorable to the non-moving Plaintiff. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 405 (8th Cir. 1999). At the time of the underlying events of this § 1983 suit, John Doe (John) was a mentally challenged eight year-old boy who was in the care and custody of the state-run Cottonwood Residential Facility (Cottonwood) after falling victim to his father's sexual abuse. While at Cottonwood, John was repeatedly sodomized and sexually molested by other residents of the facility. The named Defendants, individual employees in various positions of authority at Cottonwood, were aware that certain of the other residents were sexual predators, yet placed the young and vulnerable John in an unsafe environment and then failed to adequately supervise the residents and to protect John. Because of John's youth, limited cognitive abilities, and his emotional trauma from the attacks, he is unable to provide details of the events or identify how the Defendants' actions allowed the attacks to occur. John's mother Jane Doe (Doe), individually and in her capacity as next friend to her minor son John, filed this suit.

## B. Procedural Background.

Over the period of approximately eighteen months, Doe filed four complaints, culminating with her Third Amended Complaint. Doe's Second Amended Complaint listed the individual Defendants by name, but failed to delineate the Defendants by their respective acts or omissions. In response to Doe's Second Amended Complaint, the Defendants[2] moved for a dismissal on the grounds that Doe's Second Amended

---

[2]Defendants the State of Missouri and certain of its agencies moved for and were granted summary judgment based on sovereign immunity. Doe does not appeal that order.

Complaint did not satisfy the heightened pleading standards required in § 1983 actions. The district court dismissed Doe's Second Amended Complaint without prejudice, but permitted Doe ten days to amend her complaint to correct the noted pleading deficiencies. After being granted an extension of time, Doe filed her Third Amended Complaint, which was substantially similar to her Second Amended Complaint in that it continued to refer to Defendants collectively and failed to delineate their individual acts or omissions. Defendants renewed their motion to dismiss, arguing that the lack of particularity in Doe's Third Amended Complaint failed to state a claim upon which relief can be granted under Rule 12(b)(6), failed to delineate Defendants and identify their respective acts or omissions in separate paragraphs as required under Rule 10(b), and failed to follow the district court's earlier orders to correct these deficiencies.

During the same general time frame, discovery began to move forward. Doe repeatedly failed to meet the district court's discovery schedule relating to her expert witness. After finding that Doe had failed to correct her pleading deficiencies and that she had been "guilty of undue delay," the district court dismissed Doe's Third Amended Complaint with prejudice. Memorandum and Order Dated September 23, 2004 at 6. The district court denied Doe's motion to amend a fourth time and file a fifth complaint. This appeal followed.

## II. Heightened Pleading Requirements For § 1983 Claims.

Common law heightened pleading requirements, while once enforced in § 1983 suits, have been eliminated. The Supreme Court invalidated heightened pleading requirements in § 1983 suits against municipalities in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). However, the status of heightened pleading requirements for § 1983 claims against *individual defendants* remained an open question. *See Edginton v. Mo. Dep't of Corr.,* 52 F.3d 777, 779 n.3 (8th Cir. 1995). Following *Leatherman,* this Circuit continued to require

heightened pleading in § 1983 suits against individual defendants, reasoning that particularity in pleadings facilitated the individual government officials' ability to mount a qualified immunity defense early in the litigation. *Id.* We now recognize *Edginton's* heightened pleading requirement in § 1983 suits against individual defendants has been abrogated. The only permissible heightened pleading requirements in civil suits are those contained in the Federal Rules of Civil Procedure or those in federal statutes enacted by Congress.[3] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In *Leatherman* we stated: '[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated action any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius*.' Just as Rule 9(b) makes no mention of municipal liability under [§ 1983], neither does it refer to employment discrimination. Thus, complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a).

*Id.* (*quoting Leatherman*, 507 U.S. at 168) (footnotes and citation omitted).

---

[3]This result is consistent with the circuits that have addressed the issue since *Swierkiewicz. See e.g. Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 67 (1st Cir. 2004); *Alston v. Parker*, 363 F.3d 229, 233-235 (3rd Cir. 2004); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2nd Cir. 2002); *Galbraith v. County of Santa Clara*, 307 F. 3d 1119, 1125-26 (9th Cir. 2002); *Goad v. Mitchell*, 297 F.3d 497, 501-05 (6th Cir. 2002); *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Currier v. Doran*, 242 F.3d 905, 911-17 (10th Cir. 2001); *see also* 2 James Wm. Moore et al., Moore's Federal Practice § 9.10[2], at 9-62-67 (3rd ed. 2004).

In rejecting a heightened pleading requirement, however, we do not leave government officials and the district courts "at the mercy of overly aggressive plaintiffs." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 67 (1st Cir. 2004). The district courts retain all tools available under the Federal Rules of Civil Procedure to eliminate meritless claims early in the litigation process. For example, the district court can order the plaintiff to reply to the defendant's answer under Rule 7(a), order the plaintiff to delineate independent causes of actions against individual defendants under Rule 10(b), order the plaintiff to provide a more definitive statement under Rule 12(e), or tailor discovery to protect the defendants from unnecessary embarrassment or undue burden under Rule 26(c). *See id.* The district court also retains the power to sanction plaintiffs who file frivolous claims under Rule 11. In appropriate cases, plaintiffs that fail to comply with the district court's orders face dismissal under Rule 41(b).

### III. Dismissal of Complaint.

As discussed *supra*, there are no common law heightened pleading requirements in § 1983 suits. Accordingly, the district court's dismissal of Doe's Third Amended Complaint for failure to satisfy a heightened pleading requirement was an error of law.

However, we affirm the district court's judgment based on its alternative ruling that Doe failed to comply with the district court's reasonable orders to delineate Defendants and identify their respective acts or omissions. We note with particular interest that the district court did not apply the harsh medicine of dismissal with prejudice to Doe's initial complaint, but to her fourth. The district court resorted to dismissal with prejudice only after repeated orders to delineate Defendants and identify their respective acts or omissions. Indeed, eighteen months into the litigation, and despite direct and specific instructions to the contrary from the district court, Doe continued to aver generally that the "Defendants" had violated John's

constitutional rights. The district court concluded that Doe had failed to comply with its orders to delineate the defendants and exercised its discretion under Rule 41(b) and dismissed her Third Amended Complaint with prejudice.

We review dismissal of a complaint under Rule 41(b) for failure to comply with the district court's orders for abuse of discretion. *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998). In determining whether the district court abused its discretion, we use "a balancing test that focuses foremost upon 'the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court.'" *Id.* (*quoting Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991)). The "sanction imposed by the district court must be proportionate to the litigant's transgression" and dismissal with prejudice should only be imposed in cases of "wilful disobedience of a court order or persistent failure to prosecute a complaint." *Id.* (internal quotations and citations omitted). The district court need not find that the party acted in bad faith, but only that she acted intentionally as opposed to accidentally or involuntarily. *Id.*

At the time Doe's Third Amended Complaint was dismissed, litigation had been pending for approximately eighteen months. The district court had recently admonished Doe for failure to comply with the discovery schedule. Doe's failure to articulate specific factual allegations tied to specific Defendants, well into discovery, was more than a technical pleading deficiency, it denied the Defendants the protection of qualified immunity which is meant to provide both *immunity from suit* as well as an affirmative defense in response to a suit. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Defendants were being subjected to depositions and discovery that a proper qualified immunity response may have avoided. Considering that non-compliance with the district court's instructions to delineate Defendants and their actions deprived the Defendants of the opportunity to terminate the litigation prior to

-6-

discovery based on qualified immunity, dismissal of the complaint was proportionate to the transgression and simply granted Defendants the remedy that Doe's delay prevented.

On these facts, we hold that it was not an abuse of discretion for the district court to dismiss Doe's complaint under Rule 41(b) for failure to comply with the district court's reasonable orders.

## IV. Denial of Leave to Amend Complaint.

Doe's final argument that the district abused its discretion by denying leave to amend a fourth time and file a fifth complaint fares no better. We review the district court's denial of leave to amend a complaint for abuse of discretion. *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). The district court's determination that a party is guilty of delay is a finding of fact subject to review for clear error. *Rodgers*, 135 F.3d at 1219.

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." However, there is no absolute right to amend and a finding of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment" may be grounds to deny a motion to amend. *Becker*, 191 F.3d at 908 (citation omitted). "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (citation omitted).

Earlier, when the district court dismissed Doe's Second Amended Complaint *without prejudice* the district court specifically instructed Doe to delineate individual Defendants by paragraphs and to identify the specific acts or omissions of each Defendant. Doe failed to follow these instructions when she filed her Third Amended

Complaint. In its Order and Memorandum, the district court listed multiple instances when Doe had failed to comply with the discovery schedule. In denying Doe leave to amend a fourth time, the district court determined that Doe had been "guilty of undue delay." *See* Memorandum and Order Dated September 23, 2004 at 6.

After reviewing the record, we cannot say the district court's factual findings regarding Doe's delay are clearly erroneous. Furthermore, we agree that this delay directly prejudiced the Defendants' ability to mount an effective qualified immunity defense and that granting leave to amend would have only prejudiced the Defendants further. We hold that the district court did not abuse its discretion when it denied Doe leave to amend her complaint a fourth time.

The judgment of the district court is AFFIRMED.

_____