# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2884

_____

| | | |
|---|---|---|
| Marlan A. Penton, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Unknown Green; Unknown Sheifer; | * | |
| Unknown Spears; Unknown Lawson; | * | [UNPUBLISHED] |
| Jimmy Rawson; CO II John Shafer, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 20, 2006
Filed: May 2, 2006

_____

Before ARNOLD, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Marlan Penton, a Missouri prisoner, appeals the district court's order dismissing his 42 U.S.C. § 1983 action with prejudice as a sanction, pursuant to Federal Rule of Civil Procedure 41(b). We grant Penton's motion to proceed in forma pauperis on appeal, leaving the fee-collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). Upon careful review of the record, we modify the dismissal to be without prejudice.

Penton filed this action against prison officials, claiming that they failed to protect him from two inmate attacks in violation of the Eighth Amendment. In a pretrial scheduling order, the district court advised the parties that failure to comply with the scheduling order or to participate in good faith in discovery could result in sanctions, including dismissal. After Penton was uncooperative at his scheduled deposition, defendants moved to dismiss the action. The district court found Penton had intentionally disobeyed the scheduling order by refusing to give substantive answers to any of defense counsel's pertinent questions, and the court declined to grant Penton a second opportunity to obey the scheduling order because of the inconvenience to defendants from having to drive a considerable distance to depose him. Thus, the court dismissed the case with prejudice.

Under Rule 41(b), a defendant may move for dismissal of an action for the plaintiff's failure to comply with any court order. We review such dismissals for abuse of discretion. See Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam). Dismissal with prejudice is an "extreme sanction" that should be used "only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." See Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000).

We conclude that dismissal with prejudice was a disproportionately harsh sanction in this case. There was no contemporaneous warning from the district court alerting Penton that failure to answer the deposition questions could result in dismissal of his suit, as the scheduling order was issued five months before the deposition occurred and it contained only a general warning about possible dismissal for failure to participate in discovery in good faith. Cf. R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 16 (1st Cir. 1991) (scheduling order containing general instructions on scope of discovery did not qualify as order compelling deponent to answer exact questions posed at his deposition so as to support dismissal of action under Fed. R. Civ. P. 37 for deponent's refusal to answer those questions). Further, the

uncooperative conduct occurred on only one occasion, and we question whether the inconvenience to defense counsel from having to drive to the prison to depose Penton again should have been such an important factor in the court's decision to impose the most severe sanction. See Doe, 403 F.3d at 990 (sanction imposed must be proportionate to litigant's transgression; focus should be on degree of egregious conduct which prompted dismissal order, and to lesser extent on adverse impact of such conduct on defendant and administration of justice). In these circumstances, we believe that a dismissal without prejudice was the most severe sanction that should have been imposed to punish Penton's conduct. See Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1222 (8th Cir. 1998) (ultimate sanction of dismissal with prejudice should be used only when lesser sanctions prove futile).

Accordingly, we modify the dismissal to be without prejudice.

_____