# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-2588

_____

Kevin L. Chambers,                              *
                                                *
                  Appellant,                    *
                                                *   Appeal from the United States
        v.                                      *   District Court for the
                                                *   Eastern District of Missouri.
St. Louis Cty., Missouri; St. Louis Cty.,       *
Drug Task Force; Penny Cook, Agent,             *   [UNPUBLISHED]
St. Louis County Drug Task Force;               *
Unknown Kelling, Officer; Andria Van            *
Mierlo,                                         *
                                                *
                  Appellees.                    *

_____

Submitted: July 6, 2007
Filed: August 6, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

        Kevin Chambers appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 action claiming excessive use of force by law enforcement officers. The district court dismissed with prejudice his claims against St. Louis County, Missouri (County) and the St. Louis County Drug Task Force (DTF). The court dismissed without prejudice his claims against DTF agents Kelling, Penny Cook (actually Pennycook), and Van Mierlo. For reversal, Chambers

argues that the district court erred in (1) dismissing his complaint, (2) denying his post-dismissal motion for leave to amend his complaint, and (3) denying him appointed counsel. For the reasons stated below, we affirm in part, reverse in part, and remand the case to the district court.

Reviewing the dismissal de novo, see Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995), we hold that the district court did not err in dismissing the claims against the County and the DTF because Chambers's speculative allegations about an apparent policy to condone and conceal police brutality were merely conclusory, see id. (complaint must be viewed in light most favorable to non-moving party; but it also must contain facts stating claim as matter of law, and must not be merely conclusory), and because respondeat superior cannot be a basis of liability under section 1983, see Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). However, we conclude that the court erred in dismissing the claims against Van Mierlo, Pennycook, and Kelling, who were substituted for "Jane Doe #1," "John Doe #1," and "John Doe #2," respectively, in the original complaint. As to each of them, we hold that the complaint sufficiently stated an excessive-force claim to survive a motion to dismiss. See Mayard v. Hopwood, 105 F.3d 1226, 1228 (8th Cir. 1997) (in evaluating claim of excessive force during and in relation to arrest, test is whether force allegedly used was objectively reasonable under particular circumstances); Frey, 44 F.3d at 671 (in reviewing dismissal for failure to state claim, complaint is viewed in light most favorable to non-moving party). Construed liberally, the pro se complaint alleges that at the scene of the arrest, all three defendants "commenced stomping [Chambers] on his back brutally" because they did not like his answers, (R. Doc. 2, at 6A, ¶ 10), and that when John Doe #1 and Jane Doe later took Chambers to the hospital, they pulled "his wrist up behind his back so the pain was unbearable," (id. ¶ 19), "commenc[ed] brutalizing" Chambers in a vehicle by braking suddenly and slamming knees into Chambers's back, (id. ¶ 20), pulled Chambers's arm "severely all the way back up in the back causing severe pain," (id. ¶¶ 22), and placed handcuffs on his right wrist so tightly that "the pain was

unbearable" and Chambers's "hand became numb," while the defendants allegedly made jokes and laughed. (*Id.* ¶ 24). Because Chambers's state law claims against the agents were dismissed under 28 U.S.C. § 1367(c)(3), we reverse the dismissal of those claims as well.

We next consider whether the district court abused its discretion in denying Chambers's post-dismissal request for leave to amend the complaint. See Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam) (standard of review). Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "However, there is no absolute right to amend and a finding of 'undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment' may be grounds to deny a motion to amend." Doe, 403 F.3d at 990-91. Because we reverse the dismissal of the claims against the agents, we find it unnecessary to review the district court's denial of Chambers's post-dismissal motion to amend vis-a-vis his claims against them. However, as to his proposed amendments related to the County, we hold, upon de novo review of the underlying legal question, that the amendments would have been futile. See In re Senior Cottages of America, LLC, 482 F.3d 997, 1001 (8th Cir. 2007) (although ordinarily decision of whether to allow plaintiff to amend complaint is within trial court's discretion, when court denies leave to amend on ground of futility, it means court reached legal conclusion that amended complaint could not withstand Rule 12 motion; appellate review of that legal conclusion is de novo). While Chambers alleged that the County "appeared" to have a "preplanned policy" of giving law enforcement officers "unlimited authority to inflict . . . pain," nothing in the original complaint or in the proposed amendments indicated that this alleged "policy" was the product of deliberate or conscious choice by County policymakers. Cf. Szabla v. City of Brooklyn Park, 486 F.3d 385, 390 (8th Cir. 2007) (en banc) (where plaintiff asserts that municipality should have done more to prevent constitutional violations by its employees, plaintiff must establish existence

of a "policy" by demonstrating that inadequacies were product of deliberate or conscious choice by policymakers).

Finally, upon consideration of factors such as the legal and factual complexity of this case and Chambers's demonstrated threshold ability to present his claims and represent himself, we cannot say that the district court abused its discretion in denying him appointed counsel. See McCall v. Benson,114 F.3d 754, 756 (8th Cir. 1997) (holding that district court did not abuse its discretion in denying appointed counsel where factual and legal issues were not so complex and numerous that appointment of counsel would have benefitted court or litigant, and litigant had clearly demonstrated threshold ability to articulate his claims and represent himself).

In sum, we affirm the district court's dismissal of Chambers's claims against the County and the DTF; we reverse the dismissal of the claims against Van Mierlo, Pennycook, and Kelling; and we remand the case to the district court for further proceedings.

_____