Leslie Denise HENDERSON, Appellant,

v.

RENAISSANCE GRAND HOTEL, Appellee.

No. 07–1426.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 7, 2008.

Filed: Feb. 29, 2008.

---

**1.** The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

Leslie Denise Henderson, St. Louis, MO, pro se.

James N. Foster Jr., Laura B. Staley, McMahon & Berger, St. Louis, MO, for Appellee.

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

Leslie Henderson appeals the district court's[1] Federal Rule of Civil Procedure 41(b) dismissal without prejudice of her Title VII action for failure to prosecute. For reversal, Henderson argues (1) that the district court abused its discretion in dismissing her case because her claim is now time-barred, making the dismissal an unduly harsh sanction; and (2) that the court relied on a clearly erroneous finding that she had failed to respond to appellee's motion to dismiss. We affirm.

A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order. *See* Fed.R.Civ.P. 41(b). This court reviews such a dismissal for an abuse of discretion, considering the egregiousness of the plaintiff's conduct and its adverse impact upon the defendant and the district court; this court reviews the underlying factual findings, including the determination of delay and willful disregard of a court order, for clear error. *See Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1218–19 (8th Cir.1998).

Upon review of the record, we conclude that the district court did not clearly err in finding that Henderson failed to prosecute her case and failed to comply with court orders. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (finding of fact is clearly erroneous when, although there is evidence in the record to support it, "the reviewing court is left with a definite and firm conviction that a mistake has been committed"). Accordingly, we find that the district court did not abuse its discretion in dismissing this action. *See Doe v. Cassel*, 403 F.3d 986, 988–90 (8th Cir.2005) (per curiam) (dismissal for undue delay and failure to comply with court orders was not abuse of discretion where, inter alia, petitioner repeatedly failed to meet court's discovery schedule); *Farnsworth v. Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir.1988) (per curiam) (pro se litigants are not excused from complying with court orders); *cf. Brooks v. Special Sch. Dist.*, 129 F.3d 121 (8th Cir.1997) (per curiam) (unpublished table decision) (affirming dismissal without prejudice for failure to pay filing fee despite plaintiff's assertion that dismissal was in effect with prejudice because refiling is now time-barred; district court has power to control its docket and may dismiss action under Rule 41(b) as long as dismissal is not abuse of discretion).

Last, while the court clearly erred in stating that Henderson did not respond to the motion to dismiss, this error was harmless. *See* Fed.R.Civ.P. 61 (any error that does not affect substantial rights must be disregarded). The court's dismissal was based not on that incorrect statement, but on Henderson's failures to move her case forward, to comply with court orders in a timely manner, and to communicate with Renaissance.

Accordingly, we affirm.

---

1. The Honorable Henry E. Autry, United States District Judge for the Eastern District of Missouri.