# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3165

_____

Robert J. Storay,

               Appellant,

    v.

City of Little Rock, Arkansas
(originally sued as Little Rock
Police Department); Chad O'Kelly,
Officer, Little Rock Police Department;
Spencer Smith, Officer, Little Rock
Police Department; Ashley Helton,
Sargent, Little Rock Police Department,

               Appellees.

\*    Appeal from the United States
District Court for the Eastern
District of Arkansas.

[UNPUBLISHED]

_____

Submitted: January 26, 2011
Filed: February 2, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this civil rights action against the City of Little Rock (City) and three police officers, Robert Storay appeals the district court's[1] adverse grant of summary

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

judgment in favor of the City and the court's order granting the police officers' motion to dismiss. Upon careful review, we conclude that the grant of summary judgment in favor of the City was proper. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 & n.55, 694 (1978) (plaintiff seeking to impose liability on local government body under 42 U.S.C. § 1983 must show official policy or widespread custom or practice of unconstitutional conduct that caused deprivation of constitutional rights); see also City of Canton v. Harris, 489 U.S. 378, 388 (1989) (inadequacy of police training may serve as basis for § 1983 liability only where failure to train amounts to deliberate indifference to rights of persons with whom police come into contact); Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 884-85 (8th Cir. 2009) (summary judgment reviewed de novo); Herring v. Canada Life Assurance Co., 207 F.3d 1026, 1029 (8th Cir. 2000) (in responding to properly supported summary judgment motion, opponent must come forward with specific facts showing there is genuine issue for trial). We also conclude that the district court did not abuse its discretion in granting the police officers' motion to dismiss, in light of Storay's repeated failures to comply with the district court's orders; however, we conclude that the dismissal should have been without prejudice. See Doe v. Cassel, 403 F.3d 986, 989-90 (8th Cir. 2005) (per curiam) (district court did not abuse its discretion in dismissing complaint where, among other things, plaintiff repeatedly failed to comply with district court's orders; dismissal with prejudice should only be imposed in cases of wilful disobedience of court order or persistent failure to prosecute complaint).

Accordingly, the judgment is modified to reflect that the dismissal as to defendants Chad O'Kelly, Spencer Smith, and Ashley Helton is without prejudice, and the judgment as modified is affirmed. See 8th Cir. R. 47B.

_____