# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3161
_____

Augustine C. Onuoha; Angela N. Ikeri

*Plaintiff - Appellants*

v.

International University of Nursing, LLC

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: June 8, 2015
Filed: July 27, 2015
[Unpublished]
_____

Before LOKEN, BYE, and KELLY, Circuit Judges.
_____

PER CURIAM.

Augustine Onuoha argues on appeal that International University of Nursing, LLC (IUON), waived its right to seek a merits-based dismissal of an amended complaint because it did not object to an order allowing the amended complaint to be

filed. We reject that argument and affirm the district court's[1] decision to dismiss the claim in the amended complaint.

# I

On February 13, 2014, Onuoha filed an amended complaint against IUON alleging a breach of contract claim. The claim was based upon an allegation that IUON – a nursing school located on the Caribbean island of St. Kitts – breached a contract with Onuoha when IUON failed to transfer Onuoha to a partner school in the United States upon his completion of the 2006/2007 academic year in July 2007. The breach of contract claim was brought in an amended complaint allowed by a magistrate judge[2] and became the sole count in the action.

Shortly after Onuoha filed the amended complaint, IUON filed a motion to dismiss the breach of contract claim on the grounds that the applicable Minnesota statute of limitations for breach of contract, Minn. Stat. § 541.05, subdiv. 1(1), barred it. The district court granted the motion to dismiss, and Onuoha appeals.

# II

On appeal, instead of challenging the district court's merits-based determination that his claim was time-barred,[3] Onuoha only contends IUON waived

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]The Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

[3]The issue of whether the district court erred in its determination was not preserved for appeal and is waived. See, e.g., Meyers v. Starke, 420 F.3d 738, 742-43

its ability to file a motion to dismiss the amended complaint in the first place because IUON failed to object to the magistrate judge's order permitting filing of the amended complaint. We reject this argument. The magistrate judge's order was a non-substantive order that simply permitted Onuoha to file the amended complaint, and did not address whether the complaint may be substantively barred by an affirmative defense such as the statute of limitations. IUON did not waive its right to challenge the substance of the amended complaint by failing to object to the order simply allowing the amended complaint to be filed.

Onuoha also argues the district court should have allowed him to file yet another amended complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [for a party to amend its pleadings] when justice so requires."). This second amended complaint raised many of the same claims the magistrate judge had refused to allow Onuoha to bring in his first amended complaint. We review this issue under an abuse-of-discretion standard. See Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005). Onuoha demonstrated dilatory conduct with respect to the timing of his motion requesting to file a second amended complaint. Under the circumstances present in this case, we find the district court was well within its discretion to deny Onuoha's second motion to amend.

III

We affirm the district court.

_____

---

(8th Cir. 2005) (indicating an issue is waived on appeal where the appellant failed to present that issue for review in the appellant's brief).