

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE EX REL. AREA 25 TRIAL OFFICE, and, MISSOURI STATE PUBLIC DEFENDER, | ) ) ) ) | |
| Relators-Appellants, | ) ) | |
| v. | ) ) | No. SD37064 |
| HONORABLE KENNETH G. CLAYTON, ASSOCIATE CIRCUIT JUDGE, | ) ) ) ) | **Filed: August 3, 2021** |
| Respondent-Respondent. | ) ) ) | |

## ORIGINAL PROCEEDING IN PROHIBITION

## PRELIMINARY WRIT OF PROHIBITION MADE PERMANENT

The Missouri State Public Defender and its Area 25 Trial Office ("Relators") seek a permanent writ of prohibition against the Honorable Kenneth G. Clayton, Associate Circuit Judge of the 25th Judicial Circuit ("Respondent") to prevent Respondent from enforcing an order ("the sanctions order") that directed the Area 25 Trial Office to pay $762.68 as sanctions after an attorney assigned to that office traveled internationally to Mexico the week before he was scheduled to try a jury case before Respondent. Respondent, *sua sponte*, continued the trial on the ground that he would not expose court personnel and a jury panel to a potential COVID-19 risk. The sanction amount was equal to the prosecutor's mileage reimbursement paid to the complaining witness in the case.

Because Respondent did not find that Relators had acted in bad faith in, respectively, approving and then engaging in that international travel, and no evidence in the record indicates that Relators acted in bad faith, we now make permanent our preliminary writ of prohibition.

**Background**

Andrew Russek ("Mr. Russek"), an Assistant Public Defender in the Area 25 Trial Office, was assigned to represent Charles Allee in his criminal case. Mr. Russek filed a motion asserting his client's right to a speedy trial, and the trial was scheduled for January 21, 2021.

In December 2020, with the approval of his supervisor, District Defender Matthew Crowell ("Mr. Crowell"), Mr. Russek planned to vacation in Mexico from January 10, 2021, to January 18, 2021. The prosecutor for the State, Kevin Hillman ("Mr. Hillman"), was aware that Mr. Russek was going to Mexico and would be returning shortly before trial. The parties had scheduled depositions for Tuesday, January 19, 2021, two days before the trial was scheduled to begin.

When a legal dispute arose with respect to those depositions, Mr. Hillman contacted Respondent on Friday, January 15th, and asked him if he would have time to conduct a Webex hearing on the parties' dispute. Mr. Hillman noted that Mr. Russek was in Mexico on vacation but would return soon. Respondent replied by email to Mr. Hillman and Mr. Russek on Monday, January 18th, writing:

> As Mr. Russek was recently in Mexico, a hotspot for Covid19 according to the [Center for Disease Control ("CDC")], it is my opinion that, according to the CDC travel guidelines, he must quarantine for 7 days with a negative test or 10 days without a test upon returning to the United States.

2

I do not expect to have a jury trial or any appearance in court in person by Mr. Russek until compliance with the CDC guidelines is demonstrated to me.

If you [Mr. Hillman] or Mr. Russek has a different opinion, I am available at 8:30 or 1:30 tomorrow to discuss by Webex.

Mr. Hillman responded that day by informing Respondent and Mr. Russek that his complaining witness, the victim in the case, had already traveled to Missouri from Maryland for the trial.

The court held a Webex hearing on the Covid issue on Tuesday, January 19th. During the hearing, Mr. Russek informed Respondent that he had returned from Mexico the previous day. Mr. Russek said that he had not been tested for COVID, and he had not quarantined. He said his understanding was that the CDC guidelines requiring those who had traveled to Mexico to quarantine for at least 7 days upon return did not go into effect until January 25th, a date after the trial would be over.

Even though Mr. Hillman and Mr. Russek announced that they were ready to try the case as scheduled, Respondent cancelled the trial setting, stating that he was "not gonna have a trial under these circumstances." He suggested to Mr. Hillman that he could request other relief, and the parties could have a separate hearing on that request.

On January 20th, Respondent entered a written order continuing the trial on his own motion, and it stated that

> [t]he Court, being advised that [Mr. Russek] has recently traveled to Cancun, Mexico, and has not complied with the CDC guidelines for travel to Mexico since his return, and being advised that a positive test for Covid-19 has been suffered by an employee of the Pulaski County Prosecuting Attorney and other employees who work in the Pulaski County Courthouse, hereby orders the jury trial of this matter canceled for January 21, 2021.

Mr. Hillman then filed a motion seeking sanctions ("Motion for Sanctions") that alleged the State was fully prepared to go to trial, and that Mr. Russek had "[a] week before trial, . . . announced that he was travel[]ing to Cancun, Mexico for a vacation from January 15-19, 2021." The Motion for Sanctions claimed that Administrative Order 2020-01 of the 25th Judicial Circuit had been in place since March 2020, and it prohibited anyone who had traveled to a foreign country within the last 14 days from entering into a courthouse in that circuit. It also claimed that CDC guidelines recommended that anyone traveling internationally by air get tested for COVID-19 and quarantine for at least 7 days upon their return. The Motion for Sanctions stated that the complaining witness had traveled by car, 982 miles one way, in order to be present for trial. The Motion requested that "[t]he Office of the Public Defender" be ordered to pay the victim's mileage at the rate of $0.37 per mile, which totaled $726.68.

Respondent granted the Motion for Sanctions and ordered that the amount requested be "deposited with the Pulaski County Circuit Clerk by the Missouri State Public Defender, Area 25 Trial Office within 30 days of this Order."

**Standard of Review**

> We review a trial court's decision to invoke its inherent powers to sanction for an abuse of discretion. *Rea v. Moore,* 74 S.W.3d 795, 799 (Mo.App.S.D.2002). The trial court abuses its discretion when its ruling "is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* "[I]f reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that [it] abused its discretion." *Anglim v. Mo. Pac. R. Co.,* 832 S.W.2d 298, 303 (Mo. banc 1992) (internal quotation marks omitted). We view the evidence in the light most favorable to the trial court's ruling. *See id.*

*Hale v. Cottrell, Inc.*, 456 S.W.3d 481, 488 (Mo. App. W.D. 2014).

4

**Analysis**

While we are skeptical that a particular branch office of the Missouri Public Defender is an appropriate entity to sanction, we need not decide that question. Relators' first point claims that Respondent abused his discretion in imposing sanctions as "there was no finding or evidence in the record of 'bad faith' by [Mr. Russek], [Mr. Crowell,] or the Area 25 Trial Office." That assertion has merit, and it is dispositive of Relators' request for a permanent writ prohibiting Respondent's imposition of sanctions.

A trial court may use its inherent powers to impose sanctions only when parties act in bad faith. *Davis v. Wieland*, 557 S.W.3d 340, 349 (Mo. App. W.D. 2018).[1]

> While trial courts have inherent powers to sanction parties who act in bad faith, courts are encouraged to do so "sparingly, wisely, temperately, and with judicial self-restraint." *A.J.H. ex rel. M.J.H. v. M.A.H.S.*, 364 S.W.3d 680, 682 (Mo. App. E.D. 2012). A court should rarely invoke this inherent power because "[i]t is only one short step from the assertion of inherent power to the assumption of absolute power." *Id.* (quoting *McPherson v. U.S. Physicians Mutual Risk Retention Group*, 99 S.W.3d 462, 477 (Mo. App. W.D. 2003)).

*Woodson v. Bank of Am., N.A.*, 602 S.W.3d 316, 326 (Mo. App. E.D. 2020).

"Bad faith" does not have a concrete definition, but it requires something more than bad judgment or negligence; bad faith "imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." *Davis*, 557 S.W.3d at 350 (quoting *A.J.H.*, 364 S.W.3d at 683).

Relators argue that, while the sanctions order calls Mr. Russek's conduct "irresponsible[,]" it makes no finding of bad faith, and there is no evidence in the record

---

[1] "The purpose of allowing courts to impose sanctions based on their inherent authority is two fold: one, to allow the court to vindicate judicial authority without resort to the more drastic sanctions like contempt of court; second, to make a prevailing party whole for expenses caused by his opponent's obstinacy." *A.J.H. ex rel. M.J.H. v. M.A.H.S.*, 364 S.W.3d 680, 682 (Mo. App. E.D. 2012).

5

to support a finding of a dishonest purpose, conscious wrongdoing, fraud, or actual intent to mislead or deceive. Respondent now argues that Relators' conduct evidenced bad faith in that it exhibited "disregard for the safety of the jurors, court staff, and opposing counsel during a global pandemic [which] is the breach of a known duty through some ulterior motive or ill will[.]" Respondent does not identify the alleged ulterior motive or ill will harbored by Relators.

The sanctions order, in its entirety, reads as follows:

[T]he Court finds that this matter was set for jury trial on January 21, 2021. That date was set on November 19, 2020. On or about January 15, 2021, the Court was notified that [Mr. Russek] was in Cancun, Mexico for a brief vacation. The Court was provided with the [CDC] guidelines for travel by U.S. residents to Mexico. Upon review of those guidelines, the Court sent an e-mail to the parties requesting a hearing regarding the issue and whether the jury trial scheduled for January 21, 2021 would proceed. At that hearing, the Court inquired of [Mr. Russek] as to his compliance with the CDC guidelines for travel to Mexico and was informed that only face masking and hand washing had been complied with, and that no other CDC guideline[s] were being observed. [Mr. Russek] appeared for that hearing from his office by Webex. Pursuant to those guidelines, [Mr. Russek] should have been tested for COVID-19 one to three days prior to returning from Mexico, should have stayed home for at least seven days upon return, should have been tested 3-5 days after his return, and if he was not tested after return, should have stayed home for 10 days. The Court notes that those guidelines had an effective date of January 26, 2021. Even assuming such guidelines should not have been followed after their publication but before January 26, 2021, the Presiding Judge of the 25th Circuit Court had issued, in Administrative Order 2020-01, requirements that no person traveling out of the United States within 14 days of requested access should be allowed access to the courthouses in this Circuit. ***As an attorney practicing in the 25th Circuit, [Mr. Russek] should have known this requirement***, which was issued on March 16, 2020. This Court does not find that Administrative Order 2020-01 has been modified in any way which would allow a person traveling internationally to be allowed access to the courthouse sooner than 14 days after such travel. It[] is not this Court's job, nor [Mr. Hillman]'s job, to proactively monitor any person's compliance with the administrative orders of the Circuit Court. However, once it is brought to the attention of the Court[,] that a possible violation of such administrative orders has occurred, it is the job of the Court to enforce those orders. The CDC

guidelines formed the basis of the inquiry, however, considering the Administrative Order, this Court is confident that continuing the trial of this matter was required *due to the irresponsible actions of [Mr. Russek]*. [Mr. Russek] chose to travel internationally, *and while he may not have been specifically aware of the Administrative Order, his superiors should have been and should have taken action to prevent such travel.* This Court assumes that [Mr. Russek] requested and was granted vacation time and that he informed his supervisors of the nature of his proposed travels. The result of the failure of [Mr. Russek]'s supervisors to take action is the continuance of this case from its trial date of January 21, 2021. It is noted that [Mr. Russek] has vigorously complained that Defendant's right to a speedy trial has been violated. Had [Mr. Russek]'s supervisors taken action to prevent counsel's travel, or had [Mr. Russek] considered that international travel is not recommended, Defendant's trial would have occurred on January 21, 2021. *The continuance of the jury trial from January 21, 2021 is specifically due to the actions of [Mr. Russek] and the failure of his supervisors to be aware or take action regarding international travel of their employee.*

Coincidentally, during the hearing prompted by [Mr. Russek]'s international travel, [Mr. Hilman] informed the Court that a member of his office staff had tested positive for COVID-19 and that at least two other individuals in the Pulaski County Courthouse had tested positive. Those individuals were not involved in this matter, nor would they have been in attendance at the trial of this case, and therefore, while the Court considered those facts as additional facts in the determination to continue [this] trial, this Court determined to continue the trial of this case due to [Mr. Russek]'s travel as discussed above. This Court determined that it could not expose a jury panel to [Mr. Russek] under the conditions discussed above. Doing so would have been a violation of the Circuit Court's Administrative Order by this Court.

. . . .

[T]he Court finds that, *but for [Mr. Russek]'s irresponsible behavior, this case would have proceeded to trial on January 21, 2021.* Therefore, the request for sanctions is granted in the amount of $762.68, which is ordered to be deposited with the Pulaski County Circuit Clerk by the Missouri State Public Defender, Area 25 Trial Office within 30 days of this Order. Upon deposit, the Pulaski County Circuit Clerk shall hold such funds for 10 days, and then, unless otherwise ordered by this Court, shall disburse such funds to the alleged victim in this matter.

(Emphasis added.)

The sanctions order contains no finding of bad faith on the part of Mr. Russek or his supervisor, Mr. Hillman. Instead, it characterized Mr. Russek's behavior as "irresponsible[,]" said that he and his supervisors "should have known" of the administrative order, and claimed that his supervisors "fail[ed] to be aware or take action" regarding Mr. Russek's travel. Although these findings suggest that Respondent found Relators' actions to be negligent and ill-advised, no evidence adduced at the hearing on sanctions supports a finding that Relators were acting in bad faith.

"[I]f the trial court does not make an explicit finding as to bad faith, there must at least be evidence in the record which would support such a finding." *A.J.H.*, 364 S.W.3d at 682. Respondent has not cited, and we have been unable to find, any evidence in the record that would support a finding that Relators acted in bad faith, in other words, that they acted with a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud, or had an actual intent to mislead or deceive another. *See Davis*, 557 S.W.3d at 350.

In the absence of such evidence, Respondent misapplied the law and thereby abused his discretion in imposing sanctions against Relators. This court's preliminary order in prohibition is hereby made permanent.


DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS